UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| MILO ENTERPRISES, INC., a Canada Corporation, <br><br> Plaintiff, <br><br> v. <br><br> BIRD-X, INC., an Illinois Corporation, and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. 1:18-cv-06315 <br><br> Honorable John Z. Lee |

## PLAINTIFF MILO ENTERPRISES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES IN RESPONSE TO DEFENDANT BIRD-X, INC.'S COUNTERCLAIMS

Plaintiff Milo Enterprises, Inc. ("Plaintiff") hereby responds to the counterclaims filed on September 26, 2018 ("Counterclaim") by Defendant Bird-X, Inc. as follows. All allegations in the Counterclaim are denied by Plaintiff unless otherwise specifically stated.

//

## ANSWER

### *PARTIES*

1.      *Defendant and Counterclaim-Plaintiff Bird-X is an Illinois corporation with its principal place of business in Chicago, Illinois.*

**ANSWER:**

Plaintiff lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 1 of the Counterclaim, and therefore on that basis denies the allegations of paragraph 1 of the Counterclaim.

2.      *Upon information and belief, Plaintiff and Counterclaim-Defendant Milo Enterprises, Inc. is a Canadian Corporation with its principal place of business in Vancouver, British Columbia.*

**ANSWER:**

Plaintiff admits the allegations of paragraph 2 of the Counterclaim as stated.

### *JURISDICTION AND VENUE*

3.      *This Court has subject matter jurisdiction over the counterclaims pursuant to 15 U.S.C. § 1121(a), 28 U.S.C. § 1331 and 28 U.S.C. § 1338 because the counterclaims arise under the Lanham Act, 15 U.S.C. § 1051 et seq., as amended, and pursuant to*

*principles of supplemental jurisdiction. Venue of these counterclaims is proper in this*

*judicial district pursuant to 28 U.S.C. § 1391(b)(2).*

**ANSWER:**

Plaintiff denies the allegations of paragraph 3 of the Counterclaim as to Plaintiff.


## *FACTS*

### *Bird-X and its SCARE-EYE Mark*

*4.     Bird-X sells a wide range of pest and bird control solutions throughout the*

*world.*

**ANSWER:**

Plaintiff lacks sufficient knowledge or information to form a belief as to the truth of

the allegations of paragraph 4 of the Counterclaim, and therefore on that basis denies the

allegations of paragraph 4 of the Counterclaim.


*5.     Since at least as early as June 11, 1987, Bird-X and its predecessor in interest*

*has used the trademark SCARE-EYE in connection with bird repellants.*

**ANSWER:**

Plaintiff lacks sufficient knowledge or information to form a belief as to the truth of

the allegations of paragraph 5 of the Counterclaim, and therefore on that basis denies the

allegations of paragraph 5 of the Counterclaim.

6.    *Bird-X is the owner of a United States Trademark Registration for the mark SCARE-EYE: U.S. Trademark Registration No. 3,347,475, issued December 4, 2007, for bird repellents in International Class 5. A Declaration of Incontestability for U.S. Trademark Registration No. 3,347,475 has been filed with the U.S. Patent and Trademark Office, and the registration is now incontestable and thus is conclusive evidence pursuant to 15 U.S.C. § 1115(b) that the SCARE-EYE mark is valid and that Bird-X owns the mark and has the exclusive right to use it. A true and correct copy of the registration is attached as* **Exhibit A**.

**ANSWER:**

Plaintiff lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 6 of the Counterclaim, and therefore on that basis denies the allegations of paragraph 6 of the Counterclaim.

7.    *Bird-X uses the SCARE-EYE mark in connection with sales of its popular bird repellant balloons.*

**ANSWER:**

Plaintiff lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 7 of the Counterclaim, and therefore on that basis denies the allegations of paragraph 7 of the Counterclaim.

## *Milo's Infringing Conduct*

8.     *Upon information and belief, since late 2017, and since at least April 2018, Milo, under the brand name Aspectek, has been offering for sale and selling products under names and using sales copy that is confusing similar to Bird-X's SCARE-EYE mark.*

**ANSWER:**

Plaintiff denies the allegations of paragraph 8 of the Counterclaim as to Plaintiff.

9.     *In particular, in and around April 2018, Milo, under the brand name Aspectek, offered for sale on www.amazon.com and www.aspectek.com a bird repellant balloon similar to the one sold by Bird-X under the name "Visualscare Bird Scary Eye Balloons" and referred to in sales copy on both sites as "Scare Eye balloon." Copies of these listings are attached as **Exhibit B**.*

**ANSWER:**

Plaintiff denies any allegations of infringement in paragraph 9 of the Counterclaim as to Plaintiff. Plaintiff lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 9 of the Counterclaim, and therefore on that basis denies the remaining allegations of paragraph 9 of the Counterclaim.

10.     *Milo's sale and offering for sale of goods under the name "Visualscare Bird Scary Eye Balloons" and use of the sales copy "Scare Eye balloon" alone, or in connection with products that are similar to those sold by Bird-X are likely to cause confusion among*

*customers of the products Bird-X sells under its SCARE-EYE mark and to cause such customers to purchase Milo's products with the mistaken belief that the product was manufactured, endorsed, or otherwise connected with Bird-X.*

**ANSWER:**

Plaintiff denies the allegations of paragraph 10 of the Counterclaim as to Plaintiff.

*11.    Upon information and belief, Milo's use of the name "Visualscare Bird Scary Eye Balloons" and use of the sales copy "Scare Eye balloon" has already caused consumer confusion. On the printout of the Amazon webpage for Milo's listing, attached as Exhibit B, one of the customers states that the Milo product is the same as the Bird-X product.*

**ANSWER:**

Plaintiff denies any allegations of infringement in paragraph 11 of the Counterclaim as to Plaintiff. Plaintiff lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 11 of the Counterclaim, and therefore on that basis denies the remaining allegations of paragraph 11 of the Counterclaim.

## FIRST COUNTERCLAIM

### (False Designation of Origin, 15 U.S.C. §1125)

*12.    Defendant and Counterclaim-Plaintiff repeats and realleges the allegations set forth in paragraphs 1-11 of the Counterclaims with the same force and effect as if set forth fully herein.*

**ANSWER:**

Plaintiff incorporates each of its answers in the preceding paragraphs of this Answer as though fully set forth herein.


13.     *Milo's conduct as described above, namely its use of the name "Visualscare Bird Scary Eye Balloons" and use of the sales copy "Scare Eye balloon" constitutes a false designation of origin in violation of 15 U.S.C. §1125(a).*

**ANSWER:**

Plaintiff denies the allegations of paragraph 13 of the Counterclaim as to Plaintiff.


### SECOND COUNTERCLAIM

### *(Trademark Infringement, 15 U.S.C. §1114)*

14.     *Defendant and Counterclaim-Plaintiff repeats and realleges the allegations set forth in paragraphs 1-13 of the Counterclaims with the same force and effect as if set forth fully herein.*

**ANSWER:**

Plaintiff incorporates each of its answers in the preceding paragraphs of this Answer as though fully set forth herein.

15.    *Milo's conduct as described above, namely its use of the name "Visualscare Bird Scary Eye Balloons" and use of the sales copy "Scare Eye balloon" constitutes trademark infringement in violation of the Lanham Act, 15 U.S.C. §1114.*

**ANSWER:**

Plaintiff denies the allegations of paragraph 15 of the Counterclaim as to Plaintiff.

### *THIRD COUNTERCLAIM*

### *(Common Law Trademark Infringement)*

16.    *Defendant and Counterclaim-Plaintiff repeats and realleges the allegations set forth in paragraphs 1-15 of the Counterclaims with the same force and effect as if set forth fully herein.*

**ANSWER:**

Plaintiff incorporates each of its answers in the preceding paragraphs of this Answer as though fully set forth herein.

17.    *Milo's conduct as described above, namely its use of the name "Visualscare Bird Scary Eye Balloons" and use of the sales copy "Scare Eye balloon" constitutes trademark infringement under the common law of Illinois.*

**ANSWER:**

Plaintiff denies the allegations of paragraph 17 of the Counterclaim as to Plaintiff. Plaintiff denies each and every allegation contained in Defendant Bird-X, Inc.'s request for relief as to its counterclaims.

## PLAINTIFF'S AFFIRMATIVE DEFENSES

Without conceding that any of the following necessarily must be pleaded as an affirmative defense or that any of the following is not already at issue by virtue of the foregoing responses to Defendant's allegations, Plaintiff hereby asserts the following defenses. Plaintiff reserves the right to amend or supplement its affirmative defenses.

### FIRST AFFIRMATIVE DEFENSE

1.  The Counterclaim and each and every allegation contained therein fails to state any claim on which relief may be granted against the answering Counter-Defendants.

### SECOND AFFIRMATIVE DEFENSE

2.      Plaintiff is informed and believes and on that basis alleges that the Counterclaim, and each and every purported claim for relief thereof, is barred (in whole or in part) because Defendant has failed to join parties, including without limitation others claiming ownership of the alleged trademark or trademarks asserted by Defendant in this action, which are necessary for a full and complete adjudication of its claims, including without limitation as required by Rule 19 of the Federal Rules of Civil Procedure—for

which a reasonable opportunity for investigation or discovery is likely to provide evidentiary support.

## THIRD AFFIRMATIVE DEFENSE

3.     If Defendant suffered any damages, which Plaintiff denies, Plaintiff is informed and believes and on that basis alleges that Defendant failed to discharge its duty to mitigate damages for which a reasonable opportunity for investigation or discovery is likely to provide evidentiary support; and any damages awarded to Defendant should be reduced accordingly.

## FOURTH AFFIRMATIVE DEFENSE

4.     Plaintiff is informed and believes and on that basis alleges that the Counterclaim, and each and every purported claim for relief thereof, is barred (in whole or in part) because of Defendant's unclean hands, for which a reasonable opportunity for investigation or discovery is likely to provide evidentiary support.

## FIFTH AFFIRMATIVE DEFENSE

5.     Defendant is estopped from seeking recovery for lack of response and lack of policing its rights, for which a reasonable opportunity for investigation or discovery is likely to provide evidentiary support.

### SIXTH AFFIRMATIVE DEFENSE

6.      Defendant is barred by laches from recovery in this action, for which a reasonable opportunity for investigation or discovery is likely to provide evidentiary support.

### SEVENTH AFFIRMATIVE DEFENSE

7.      Defendant's claims are barred by waiver, for which a reasonable opportunity for investigation or discovery is likely to provide evidentiary support.

### EIGHTH AFFIRMATIVE DEFENSE

8.      The Counterclaim, and each and every purported claim for relief thereof, is barred (in whole or in part) because Plaintiff has not infringed and is not liable for the infringement of the purported trademark that Defendant asserts in this action, among other things, because there is no substantial similarity between any purportedly infringing products and Defendant's purported trademarked or trade dress, and in particular no substantial similarity with respect to any purported constituent original and protectable elements of Defendant's purported trademark or trade dress, if any such unique elements exist therein.

### NINTH AFFIRMATIVE DEFENSE

9.      The Counterclaim, and each and every purported claim for relief thereof, is barred (in whole or in part) because Plaintiff has not infringed and is not liable for the infringement of the purported trademark or trade dress that Defendant asserts in this action,

among other things, because Plaintiff is informed and believes and on that basis alleges that any purportedly infringing products have not copied any purported constituent original and protectable elements of Defendant's purported trademark or trade dress, with a reasonable opportunity for investigation or discovery being likely to provide evidentiary support.

## TENTH AFFIRMATIVE DEFENSE

10.     Plaintiff is informed and believes and on that basis alleges that the Counterclaim, and each and every purported claim for relief thereof, is barred (in whole or in part) because the purported trademark that Defendant asserts in this action is invalid, void, or unenforceable, for which a reasonable opportunity for further investigation or discovery is likely to provide evidentiary support.

## ELEVENTH AFFIRMATIVE DEFENSE

11.     Plaintiff is informed and believes and on that basis alleges that the Counterclaim, and each and every purported claim for relief thereof, is barred (in whole or in part) by Defendant's fraud or deception in the trademark registration process, for which a reasonable opportunity for investigation or discovery is likely to provide evidentiary support.

TWELFTH AFFIRMATIVE DEFENSE

12.     Plaintiff is informed and believes and on that basis alleges that the Counterclaim, and each and every purported claim for relief thereof, is barred (in whole or in part) by Defendant's misuse of the purported trademark or trade dress, for which a reasonable opportunity for investigation or discovery is likely to provide evidentiary support.

THIRTEENTH AFFIRMATIVE DEFENSE

13.     Plaintiff is informed and believes and on that basis alleges that the Counterclaim, and each and every purported claim for relief thereof, is barred (in whole or in part) because Defendant failed to properly mark its alleged trademarked goods and failed to give Plaintiff proper notice of its claimed trademark for which a reasonable opportunity for investigation or discovery is likely to provide evidentiary support.

FOURTEENTH AFFIRMATIVE DEFENSE

14.     Plaintiff is informed and believes and on that basis alleges that Defendant lacks standing to bring its claims as to all or a portion of the claims for relief contained in the Counterclaim, for which a reasonable opportunity for investigation or discovery is likely to provide evidentiary support.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.    If Defendant suffered any damages, which Plaintiff denies, Plaintiff is informed and believes and on that basis alleges that individuals or entities other than Plaintiff were careless and negligent in and about the matters alleged in the Counterclaim and that this carelessness and negligence proximately contributed to or caused any purported damages to Plaintiff with a reasonable opportunity for investigation or discovery being likely to provide evidentiary support; and should Defendant recover any damages, Plaintiff is entitled to have the damages reduced or eliminated to the extent that third parties contributed to or caused the damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

16.    If Defendant suffered any damages, which Plaintiff denies, Plaintiff acted in good faith, innocent of any knowledge or intent to infringe Defendant's rights or cause damage to Defendant; and if such good faith and lack of intent does not preclude liability, any general or statutory damages awarded to Defendant should be reduced accordingly.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17.    Plaintiff is informed and believes and on that basis alleges that the Counterclaim, and each and every purported claim for relief thereof, is barred (in whole or

in part) because Defendant has sustained no loss or damages, for which a reasonable opportunity for investigation or discovery is likely to provide evidentiary support.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.     If Defendant suffered any damages, which Plaintiff denies, Plaintiff is informed and believes and on that basis alleges that Defendant's damages were not proximately caused by any acts or omissions (wrongful or otherwise) of Plaintiff, for which a reasonable opportunity for investigation or discovery is likely to provide evidentiary support.

## NINETEENTH AFFIRMATIVE DEFENSE

19.     Defendant's Counterclaim is barred, in whole or in part, because any damages allegedly suffered by Defendant were the result, in whole or in part, of Defendant's own legal fault, and any recovery should be reduced in proportion to their individual and collective fault.

## TWENTIETH AFFIRMATIVE DEFENSE

20.     As Plaintiff lacks sufficient knowledge or information to form a belief as to whether it may have additional separate or affirmative defenses not stated in this Answer to Counterclaim, Plaintiff reserves the right to assert additional separate or affirmative defenses based on further discovery, investigation, or analysis.

## PLAINTIFF'S REQUEST FOR RELIEF AS TO DEFENDANT'S

## COUNTERCLAIMS

WHEREFORE, Plaintiff prays for relief as follows:

1. That Defendant take nothing by way of the Counterclaim;

2. That Defendant's Counterclaim be dismissed with prejudice;

3. That judgment be entered in favor of Plaintiff;

4. That Plaintiff be awarded all available costs of suit incurred in this
action, including attorneys' fees; and

5. For such other relief as this Court deems just or appropriate.

Dated: October 17, 2018                    _s/Tony Wong/_____
                                           Tony Wong


                                           Tony W. Wong (CA State Bar No. 243324)
                                           Benjamin Hung, Esq. (CA State Bar No. 275361)
                                           D&R I.P. LAW FIRM, APLC
                                           108 N. Ynez Ave., Suite 213
                                           Monterey Park, CA 91754
                                           Telephone: (626) 447-7788
                                           Facsimile: (626) 447-7783
                                           Email: tonyw@dnriplaw.com
                                                  benh@dnriplaw.com


                                           Attorneys for Plaintiff
                                           MILO ENTERPRISES, INC.