UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| MILO ENTERPRISES, INC., a Canada Corporation, <br><br> Plaintiff, <br><br> v. <br><br> BIRD-X, INC., an Illinois Corporation, and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. 1:18-cv-06315 <br><br><br> Honorable John Z. Lee |

**JOINT INITIAL STATUS REPORT**

Counsel for Plaintiff and Counterclaim Defendant Milo Enterprises, Inc., a Canada Corporation ("Plaintiff" or "Milo Enterprises") and Defendant and Counter-Plaintiff Bird-X, Inc., an Illinois Corporation ("Defendant," collectively with Plaintiff, the "Parties") hereby submit this Joint Report and propose the following Report of Parties' Planning Meeting.

The positions set forth in this report are based on counsels' current understanding of the legal and factual issues involved in the case.

The Parties acknowledge that as discovery proceeds and the case progresses, the beliefs and views set forth herein may change or evolve.

## I.   THE NATURE OF THE CASE

### A.   Attorneys Of Records For Each Party

<u>Plaintiff's Attorneys of Record:</u>

Tony W. Wong (D&R I.P. Law Firm, APLC)

Benjamin Hung (D&R I.P. Law Firm, APLC) – Lead Trial Attorney

Mark E. Wiemelt (Law Offices of Mark E. Wiemelt, P.C.)


<u>Defendant's Attorneys of Record:</u>

Sean M. Sullivan (Davis Wright Tremaine LLP)

Diana Palacios (Davis Wright Tremaine LLP)


Yesha Sutaria Hoeppner (Smithamunden LLC)

Eric L. Samore (Smithamunden LLC)

B.   **Basis For Federal Jurisdiction**

This action arises pursuant to the trademark laws of the United States, 15 U.S.C. § 1051 et seq., 15 U.S.C. § 1125(a), the copyright laws of the United States, 17 U.S.C. § 101 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court has subject matter jurisdiction over the claims alleged in this action pursuant to 28 U.S.C. Sections 1121(a), 1331, 1338(a) and 1367.

C.   **Nature Of The Claims Asserted And Counterclaims**

Plaintiff has asserted the following claims: 1) Declaratory Judgment of Noninfringement of Trademark and Trade Dress, 2) Declaratory Judgment of Unenforceability of Trademark and Trade Dress, 3) Declaratory Judgment of Noninfringement of Copyright, 4) Tortious Interference with Business Relations, 5) Federal Unfair Competition, and 6) Defamation.

Defendant has asserted the following counterclaims: 1) False Designation of Origin, 2) Trademark Infringement, and 3) Common Law Trademark Infringement.

D.   **The Parties' Statements of the Major Legal and Factual Issues**

Plaintiff's Statement:

(1) Whether Plaintiff is entitled to a declaratory judgment that it did not infringe any Trademark owned by Defendant;

(2) Whether Plaintiff is entitled to a declaratory judgment that it did not infringe any Trade Dress rights owned by Defendant;

(3) Whether Plaintiff is entitled to a declaratory judgment that it did not infringe any Copyright rights owned by Defendant;

(4) Whether Defendant's Trademark, Trade Dress and/or Copyright rights are invalid.

(5) Whether Plaintiff infringed upon Defendant's Trademark, Trade Dress and/or Copyright rights.

(6) Whether Plaintiff acted knowingly, willfully and/or intentionally in any infringement, if any occurred.

(7) Whether Defendant tortiously interfered with Plaintiff's business relations.

(8) Whether Defendant engaged in Federal Unfair Competition.

(9) Whether Defendant defamed Plaintiff.

(10) Whether Defendant acted with reckless, willful or callous disregard for Plaintiff's rights in any actions taken regarding Plaintiff's business.

(11) Whether Plaintiff is entitled to damages from Defendants.


Defendant's Statement:

(1)  Whether Plaintiff's use of the name "Visualscare Bird Scary Eye Balloons" and use of the sales copy "Scare Eye balloon" constitutes a false designation of origin in violation of 15 U.S.C. §1125(a);

(2) Whether Plaintiff infringed Defendant's trademark in Scare-Eye under the Lanham Act;

(3)  Whether Plaintiff infringed Defendant's trademark in Scare-Eye under common law;(4) Whether Defendant is entitled to injunctive relief; and

(5) Whether Defendant is entitled to damages from Plaintiff.

### E. Relief Sought By Plaintiff

Plaintiff seeks a declaratory judgment that Plaintiff did not infringe any trademark or trade dress rights owned by Defendant.

Plaintiff seeks a declaratory judgment that Plaintiff did not infringe any copyright rights owned by Defendant.

Plaintiff seeks a declaratory judgment finding Defendant's claimed trademark and trade dress rights to be invalid.

Plaintiff seeks general damages in an amount to be proven, for damages sustained by Defendant's tortious interference with Plaintiff's business relations.

Plaintiff seeks punitive damages for Defendant's malicious, reckless, and/or fraudulent conduct in its wrongful actions taken to interfere with Defendant's business relations.

Plaintiff seeks general damages in an amount to be proven, for damages sustained by Defendant's wrongful acts of unfair competition.

Plaintiff seeks punitive damages for Defendant's malicious, reckless, and/or fraudulent conduct in its wrongful acts of unfair competition.

Plaintiff seeks general damages in an amount to be proven, for damages sustained by Defendant's wrongful actions taken to defame Plaintiff.

Plaintiff seeks punitive damages for Defendant's malicious, reckless, and/or fraudulent conduct in its wrongful actions taken to defame Plaintiff.

**Relief Sought By Defendant**

Defendant seeks injunctive relief enjoining Plaintiff from using the SCARE-EYE trademark or any other trademarks confusing similar thereto (including by not limited to

VISUALSCARE BIRD SCARY EYE BALLOONS and SCARE EYE BALLOON) in any manner, including through selling or offering to sell products under such trademarks

Defendant seeks an order requiring Plaintiff deliver to Bird-X for destruction all goods, signs, advertisements, literature, business forms, cards, labels, packages, wrappers, pamphlets, brochures, receptacles, and any other written or printed material in their possession or under their control which contain the SCARE-EYE trademark or any other trademarks confusing similar thereto (including by not limited to VISUALSCARE BIRD SCARY EYE BALLOONS and SCARE EYE BALLOON).

Defendant seeks an order requiring Plaintiff to provide confirmation to Bird-X and the Court concerning its compliance with the injunction and order of destruction.

Defendant seeks treble damages in an amount to be proven, for damages sustained by Defendant and profits generated by Plaintiff.

Defendant seeks attorneys' fees incurred by Defendant.

## II. PENDING MOTION(S) AND CASE PLAN

### A. Date of Initial Status Hearing:

November 6, 2018

### B. Pending motion(s) and dates Answers were filed

No motions are pending at this time.

Defendant filed its Answer to Plaintiff's First Amended Complaint and Counterclaim on September 26, 2018.

Plaintiff filed its Answer to Defendant's Counterclaim on October 17, 2018.

### C. Parties' discussions regarding the mandatory initial discovery responses

The Parties timely exchanged their mandatory initial discovery responses pursuant to the Mandatory Initial Discovery Pilot Project. At this time, the Parties have not identified any deficiencies or issues in their respective mandatory initial discovery responses.

### D. The Parties' proposed discovery plan

**1. Types of discovery needed in this proceeding:**

Plaintiff anticipates propounding written discovery including interrogatories, requests for production, and requests for admission, pursuant to the applicable Federal Rules of Civil Procedure ("FRCP"). Plaintiff anticipates propounding subpoena requests for production and possibly deposition to third party customers and entities relevant to this proceeding pursuant to the FRCP. Plaintiff anticipates conducting deposition(s) of Defendant pursuant to the FRCP.

Similarly, Defendant anticipates propounding written discovery including interrogatories, requests for production, and requests for admission, pursuant to the applicable Federal Rules of Civil Procedure ("FRCP"). Defendant anticipates propounding subpoena requests for production and possibly deposition to third party customers and entities relevant to this proceeding pursuant to the FRCP. Defendant anticipates conducting deposition(s) of Plaintiff pursuant to the FRCP.

**2. Proposed Date(s) for issuance of written discovery:**

Plaintiff: November 15, 2018

Defendant: December 7, 2018

**3. Proposed Date(s) for deadline of amendment of pleadings:**

January 24, 2019

    **4.**    **Proposed Date(s) for fact discovery completion:**

July 1, 2019

    **5.**    **Proposed Date(s) for expert discovery completion, including delivery of expert reports:**

Plaintiff:    August 30, 2019

Defendant:    Initial expert witness disclosures due: June 28, 2019

                Rebuttal expert witness disclosures due: July 26, 2019

                Expert discovery cut-off: August 30, 2019

    **6.**    **Proposed Date(s) for filing dispositive motions:**

October 31, 2019

    **E.**    **Designations regarding Trial**

    **1.**    **Requests regarding a jury trial:**

Plaintiff:    Jury trial has been requested.

Defendant: Jury trial has been requested.

    **2.**    **Anticipated length of trial:**

3-4 days

**III.**    **CONSENT TO PROCEED BEFORE A MAGISTRATE JUDGE**

    Plaintiff consents to proceeding before a Magistrate Judge if the Court deems such designation proper for this case.

    Defendant declines proceeding before a Magistrate Judge.

IV.     **STATUS OF SETTLEMENT DISCUSSIONS**

      A.     The Parties have not conducted any settlement discussions at this time.

      B.     Not applicable at this time.

      C.     Plaintiff believes settlement should be pursued genuinely in every case. Plaintiff therefore requests a settlement conference in this proceeding.

Defendant is not opposed to participating in a settlement conference after the parties have conducted some discovery.

Dated: October 31, 2018                                    _s/Benjamin Hung/_____
                                                                  Tony Wong

Tony W. Wong (CA State Bar No. 243324)
Benjamin Hung, Esq. (CA State Bar No. 275361)
D&R I.P. LAW FIRM, APLC
108 N. Ynez Ave., Suite 213
Monterey Park, CA 91754
Telephone: (626) 447-7788
Facsimile: (626) 447-7783
Email: tonyw@dnriplaw.com
        benh@dnriplaw.com

Attorneys for Plaintiff
MILO ENTERPRISES, INC.

By: ____s/Diana_Palacios/_____

Sean Sullivan
Diana Palacios
**Davis Wright Tremaine LLP**
865 S Figueroa Street, Suite 2400
Los Angeles, CA 90017
Telephone: (213) 633-8644
Facsimile: (213) 633-6899
seansullivan@dwt.com
dianapalacios@dwt.com

        Eric Samore
        Yesha Sutaria Hoeppner
        **SmithAmundsen LLC**
        150 North Michigan Avenue, Suite 3300
        Chicago, Illinois 60601
        ESamore@salawus.com
        YHoeppner@salawus.com

        *Counsel for Defendant Bird-X, Inc.*

*Filers Attestation: The filer hereby attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.*