**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MILO ENTERPRISES, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BIRD-X, INC., et al. )<br>)<br>Defendants. )<br>) | Case No. 1:18-cv-06315<br><br>Honorable John Z. Lee |

**DEFENDANT BIRD-X, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO**
**PLAINTIFF'S SECOND AMENDED COMPLAINT AND COUNTERCLAIM**

Defendant Bird-X, Inc. ("Bird-X") hereby responds to the Second Amended Complaint ("SAC") filed by Plaintiff Milo Enterprises, Inc.'s ("Plaintiff" or "Milo") as follows. Unless specifically admitted, all allegations in the SAC are denied:

## I. THE PARTIES

*1.     Plaintiff MILO ENTERPRISES, INC. is a Canada Corporation with its principal place of business at 655 W. Kent Avenue North, #550, Vancouver BC, V6P 6T7.*

**ANSWER:**

Bird-X denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the SAC.

*2.     Plaintiff is informed and believes, and thereupon alleges, that Defendant BIRD-X, INC. ("BIRD-X") is an Illinois corporation with its principal place of business at 300 N. Oakley Blvd., Chicago, IL 60612.*

**ANSWER:**

Bird-X admits the allegations set forth in Paragraph 2 of the SAC.

3.     *Plaintiff has sued defendants DOES 1 through 10, by such fictitious names because Plaintiff are uncertain as to the names, identities, legal responsibilities and/or capacities of the Doe defendants, and each of them. Plaintiff are informed and believe and thereupon allege that each of the defendants designated herein as Doe defendants was and is responsible in some actionable manner for the events and incidents described in this complaint. Plaintiff will seek leave of court to amend this pleading when the true names, identities and capacities of said Doe defendants have been ascertained by Plaintiff.*

**ANSWER:**

Bird-X denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of the SAC.

4.     *All allegations in this complaint referencing defendants shall be deemed to mean acts of defendants acting individually, jointly, severally, or any combination of them.*

**ANSWER:**

Paragraph 4 contains legal conclusions to which no response is required.  To the extent a response may be required, Bird-X denies the allegations set forth in Paragraph 4 of the SAC.

5.     *Unless specifically stated otherwise, the acts complained of herein were committed by, on behalf of, and/or for the benefit of Defendants.*

**ANSWER:**

Bird-X denies the allegations set forth in Paragraph 5 of the SAC.

6.     *Upon information and belief, Defendants have substantial contacts and transact substantial business, either directly or through their agents, on an ongoing basis in this judicial district and elsewhere in the United States.*

**ANSWER:**

Paragraph 6 contains legal conclusions to which no response is required.  To the extent a response may be required, Bird-X admits that it conducts business in Illinois and elsewhere in

the United States.  Other than as expressly admitted, Bird-X denies the allegations set forth in Paragraph 6 of the SAC.

## II.    JURISDICTION AND VENUE

7.    *This action arises pursuant to the trademark laws of the United States, 15 U.S.C. § 1051 et seq., 15 U.S.C. § 1125(a), the copyright laws of the United States, 17 U.S.C. § 101 et seq., § 512(f), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, and under this Court's pendent jurisdiction over related state claims arising under the same operative facts and circumstances pursuant to 28 U.S.C. § 1367.*

**ANSWER:**

Paragraph 7 contains legal conclusions to which no response is required.  To the extent a response is required, Bird-X admits that Plaintiff purports to bring an action under the cited statutes, and admits that this Court has subject matter jurisdiction over this action pursuant to the cited statutes.

8.    *Defendant Bird-X is an Illinois corporation with its principal place of business at 300 N. Oakley Blvd., Chicago, IL 60612.*

**ANSWER:**

Bird-X admits the allegations set forth in Paragraph 8 of the SAC.

9.    *This Court has personal jurisdiction over Defendants because they are location, have substantial contacts and conduct substantial business in the state of Illinois, in this judicial district.*

**ANSWER:**

Paragraph 9 contains legal conclusions to which no response is required. To the extent a response is required, Bird-X admits that it is subject to personal jurisdiction in Illinois.

10.     *Therefore, Illinois is the appropriate jurisdiction in which to bring to this action, and the Northern District of Illinois is the proper venue for the resolution of the disputes under this Complaint.*

**ANSWER:**

Bird-X admits the allegations set forth in Paragraph 10 of the SAC.

### III.     FACTUAL BACKGROUND

11.     *Plaintiff has designed, and developed unique, innovative products that it develops, markets and sells worldwide. Plaintiff develops a wide variety of products, Plaintiff has relied on and invested in the technology in order to grow their markets and their business.*

**ANSWER:**

Bird-X denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the SAC.

12.     *Plaintiff now has and at all times relevant hereto has had substantial contacts with the United States in connection with the development, sale, and/or offering for sale of bird repellents and other products within this district.*

**ANSWER:**

Bird-X denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the SAC.

13.     *Plaintiff's claimed bird repellent products are designed to have a function of scaring or repelling birds or animals. All designs on the products are functional and/or generic.*

**ANSWER:**

Paragraph 13 contains legal conclusions to which no response is required. To the extent a response is required, Bird-X denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the SAC.

14. *Plaintiff transacts substantial business of selling its products throughout the United States and the world.*

**ANSWER:**

Bird-X denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the SAC.

15. *Plaintiff has invested in trademark registrations to protect its consumer goodwill which it has built its products, including applications for U.S. Trademark Registrations for "VisualScare," "TruMotion," and "ScareAway" for its bird repellent products, and associated features.*

**ANSWER:**

Bird-X denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the SAC.

16. *Plaintiff markets these products under a variety of brand names which have significant established consumer goodwill, including Aspectek, a brand which is a leading figure in the animal repellent and bird repellent industries.*

**ANSWER:**

Paragraph 16 contains legal conclusions to which no response is required. To the extent a response is required, Bird-X denies that Plaintiff has significant established consumer goodwill in the names under which it has marketed its products to the extent that Plaintiff has marketed its

5

products using Bird-X's trademarks, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 16 of the SAC.

17.     *Plaintiff has practiced such lawful and compliant business since at least 2006.*

**ANSWER:**

Paragraph 17 contains legal conclusions to which no response is required. To the extent a response is required, Bird-X denies that Plaintiff has practiced lawful and compliant business to the extent that Plaintiff has marketed its products using Bird-X's trademarks, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 17 of the SAC.

18.     *Plaintiff itself relies on the U.S. government's system to protect the technology, goodwill, and business that have resulted from its investments.*

**ANSWER:**

Bird-X denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of the SAC.

## IV.     DEFENDANT'S ACTS COMPRISING ACTUAL CONTROVERSY

19.     *Defendant Bird-X has made false assertions of infringement of alleged copyrights, trademarks, and trade dress that were directed at Plaintiff.*

**ANSWER:**

Bird-X denies the allegations set forth in Paragraph 19 of the SAC.

20.     *Defendant Bird-X, after claiming that Plaintiff's products infringe its intellectual property rights, has already taken strong action to stop Plaintiff's sales of Plaintiff's lawful products.*

**ANSWER:**

Bird-X denies the allegations set forth in Paragraph 20 of the SAC, except admits that Bird-X sent a cease and desist letter to Plaintiff and also reported to Amazon Plaintiff's offering for sale and sale of products that violated Bird-X's intellectual property rights, but denies this can support any of Plaintiff's causes of action against Bird-X.

21.     *Upon information and belief, on January 3, 2018, Bird-X submitted a complaint and takedown notice under the Digital Millennium Copyright Act (DMCA takedown notice) to Amazon alleging copyright infringement by Plaintiff's products for sale, and product listing at Amazon.com, identified by Amazon ASIN No. B00WRKMOZU. The complaint clearly noted that the complaint was of copyright infringement. A true and correct copy of the 1st Copyright Infringement Complaint is attached as Exhibit "A" and incorporated herein by reference.*

**ANSWER:**

Paragraph 21 contains legal conclusions to which no response is required. To the extent a response is required, Bird-X admits that Exhibit A appears to be a notice from Amazon sent to Plaintiff on January 3, 2018, and otherwise refers to the document, which speaks for itself, in response to any allegations concerning the contents of such document. Bird-X further admits that on or around January 3, 2018, it notified Amazon that Plaintiff was selling a product in violation of Bird-X's intellectual property rights, but denies this can support any of Plaintiff's causes of action against Bird-X. Except as expressly admitted, Bird-X denies the allegations set forth in Paragraph 21.

22.     *To date, Bird-X has not provided any evidence or further information regarding its claims for copyright infringement in the 1st Copyright Infringement Complaint. Plaintiff also conducted a copyright search at the U.S. Copyright Office. Plaintiff found no record of any copyright registration by Bird-X that is identical or similar to Plaintiff's products identified by Amazon ASIN No. B00WRKMOZU. Amazon, as the service provider who provides an online*

*platform for Plaintiff's sale of its products, relied on Bird-X's complaint and DMCA takedown*
*notice, and removed and deactivated Plaintiff's listing. Bird-X has stopped Plaintiff's sales of its*
*lawful products without evidence or foundation for its complaints.*

**ANSWER:**

Paragraph 22 contains legal conclusions to which no response is required. To the extent a
response is required, Bird-X denies knowledge or information sufficient to form a belief as to the
truth of the allegations set forth in the second through fourth sentences of Paragraph 22 of the
SAC. Bird-X denies the remaining allegations set forth in Paragraph 22.

23. *Upon information and belief, on March 22, 2018, Bird-X submitted another*
*complaint and DMCA takedown notice to Amazon alleging copyright infringement by Plaintiff's*
*products for sale, and product listing at Amazon.com, identified by Amazon ASIN No.*
*B00EK1H396. The complaint clearly noted that the complaint was of copyright infringement. A*
*true and correct copy of the 2nd Copyright Infringement Complaint is attached as Exhibit "B"*
*and incorporated herein by reference.*

**ANSWER:**

Paragraph 23 contains legal conclusions to which no response is required. To the extent a
response is required, Bird-X admits that Exhibit B appears to be a notice from Amazon sent to
Plaintiff on March 22, 2018, and otherwise refers to the document, which speaks for itself, in
response to any allegations concerning the contents of such document. Bird-X further admits
that on or around March 22, 2018, it notified Amazon that Plaintiff was selling a product in
violation of Bird-X's intellectual property rights, but denies this can support any of Plaintiff's
causes of action against Bird-X. Except as expressly admitted, Bird-X denies the allegations set
forth in Paragraph 23.

24. *To date, Bird-X has not provided any evidence or further information regarding*
*its claims for copyright infringement in the 2nd Copyright Infringement Complaint. Plaintiff also*

*conducted a copyright search at the U.S. Copyright Office and found no record of any copyright registration by Bird-X that is identical or similar to Plaintiff's products identified by Amazon ASIN No. B00EK1H396. Amazon, as the service provider who provides an online platform for Plaintiff's sale of its products, relied on Bird-X's complaint and DMCA takedown notice, and removed and deactivated Plaintiff's listing.*

**ANSWER:**

Paragraph 24 contains legal conclusions to which no response is required. To the extent a response is required, Bird-X denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second through third sentences of Paragraph 24 of the SAC. Bird-X denies the remaining allegations set forth in Paragraph 24.

25.     *Due to these and other unfounded complaints by Bird-X, and at the request of Bird-X, Plaintiff's seller account on Amazon.com has also been deactivated. This means that Plaintiff is unable to sell any of its products on Amazon.com.*

**ANSWER:**

Bird-X denies the allegations set forth in Paragraph 25.

26.     *Such deactivation and great damage to Plaintiff continues at the time of filing.*

**ANSWER:**

Bird-X denies the allegations set forth in Paragraph 26.

27.     *Bird-X has therefore attempted and succeeded in stopping Plaintiff's sales of its lawful products by its misrepresentation without any evidence, proven intellectual property right, or any foundation for its complaints.*

**ANSWER:**

Bird-X denies the allegations set forth in Paragraph 27.

28. *Bird-X has also unambiguously articulated to Plaintiff its intent and willingness to commence litigation to enforce its purported intellectual property rights.*

**ANSWER:**

Bird-X denies the allegations set forth in Paragraph 28.

29. *Upon information and belief, Joe Seid is the CEO and/or Sales Director of Bird-X, Inc. and frequently acts as an agent for Bird-X on behalf of Bird-X in business dealings and other matters.*

**ANSWER:**

Paragraph 29 contains legal conclusions to which no response is required. To the extent a response is required, Bird-X admits that Joe Seid is the Sales Director and CEO of Bird-X.

30. *In email correspondence with Plaintiff's associates, including but not limited to a written message sent on January 6, 2018, Joe Seid of Bird-X, under his company email issued by Bird-X, while acting as an agent for Bird-X, has falsely claimed that "[w]e have proven to Amazon that WE are the **original sellers and producers** of these products. ... You have copied our products. You will STOP copying our products. I will instruct Amazon to close your entire store if you do not take down the products that you have copied." [emphasis in original]. A true and correct copy of the email correspondence is attached as Exhibit "C" and incorporated herein by reference.*

**ANSWER:**

Paragraph 30 contains legal conclusions to which no response is required. To the extent a response is required, Bird-X admits that Exhibit C appears to be a copy of an email from Joe Seid sent on or about January 6, 2018, and otherwise refers to the email, which speaks for itself, in response to any allegations concerning the contents of such email. Except as expressly admitted, Bird-X denies the allegations set forth in Paragraph 30.

*31.     Additionally, as seen in Exhibit C, the email correspondence of January 6, 2018, sent by Joe Seid of Bird-X, while acting as an agent for Bird-X, Mr. Seid admits that "I have already contacted other large companies in the United States about Aspectek copied products."*

**ANSWER:**

Paragraph 31 contains legal conclusions to which no response is required.  To the extent a response is required, Bird-X admits that Exhibit C appears to be a copy of an email from Joe Seid sent on or about January 6, 2018, and otherwise refers to the email, which speaks for itself, in response to any allegations concerning the contents of such email.  Except as expressly admitted, Bird-X denies the allegations set forth in Paragraph 31.

*32.     Additionally, in the email correspondence of January 6, 2018, Joe Seid of Bird-X asserts that "[t]he Chinese government is looking for Anthony and Michael Liu for tax evasion. I will tell them their location in Canada. I have their addresses at work and at home."*

**ANSWER:**

Bird-X admits that Exhibit C appears to be a copy of an email from Joe Seid sent on or about January 6, 2018, and otherwise refers to the email, which speaks for itself, in response to any allegations concerning the contents of such email.

*33.     Plaintiff is a legitimate business with its own designs for products in longstanding and widespread use. Plaintiff markets its products across the United States and worldwide under various brand names, including the widely available brand of "Aspectek" products.*

**ANSWER:**

Paragraph 33 contains legal conclusions to which no response is required.  To the extent a response is required, Bird-X denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the SAC.

11

34.     On or about November 1, 2017, Joe Seid, CEO of Bird-X, acting as an agent for Bird-X, in email correspondence to personnel for Home Depot, stated that "A Chinese company named Aspectek has copied Bird-X products (many) and are also using trademarked names. We know they are Chinese (based in Canada now) because they used to run one of our factories in China before disappearing to avoid Chinese government prosecution for failing to pay taxes. We would like the proper protection and support from Home Depot to NOT SELL these products. They have literally just copied our items and now offer them on HomeDepot.com. ... BELOW are 6 products that infringe on Bird-X products and are direct knockoffs. We are requesting that they be REMOVED FROM HomeDepot.Com." [emphasis in original, sic] A true and correct copy of the email correspondence is attached as Exhibit "D" and incorporated herein by reference.

**ANSWER:**

Paragraph 34 contains legal conclusions to which no response is required.  To the extent a response is required, Bird-X admits that Exhibit D appears to be a copy of an email from Joe Seid sent on or about November 1, 2017, and otherwise refers to the email, which speaks for itself, in response to any allegations concerning the contents of such email.  Except as expressly admitted, Bird-X denies the allegations set forth in Paragraph 34.


35.     The email correspondence sent by Defendant does not provide any further information or evidence to support said statement, including but not limited to any news, third party's statement or other possibly available public information. These statements were false and libelous allegations by Mr. Seid, acting as agent for Bird-X, and calculated by Bird-X and Mr. Seid with the sole purpose to cause damage to Milo, Bird-X's direct competitor in some product industries.

**ANSWER:**

Paragraph 35 contains legal conclusions to which no response is required.  To the extent a response is required, Bird-X admits that Exhibit D appears to be a copy of an email from Joe Seid sent on or about November 1, 2017, and otherwise refers to the email, which speaks for

itself, in response to any allegations concerning the contents of such email. Except as expressly admitted, Bird-X denies the allegations set forth in Paragraph 35.

36. *The email correspondence sent by Defendant disparages Plaintiff's products in statements that do not qualify as privileged communications. The statements were calculated and made by Defendant to damage the reputation of Plaintiff and Plaintiff's products and to damage Plaintiff's business.*

**ANSWER:**

Paragraph 36 contains legal conclusions to which no response is required. To the extent a response is required, Bird-X denies the allegations set forth in Paragraph 36.

37. *Upon information and belief, Joe Seid of Bird-X, CEO of Bird-X, while acting as an agent for Bird-X, has likewise falsely claimed to other business partners, associates and retailers for Milo that the Chinese government is looking for Anthony and Michael Liu, officials and personnel for Milo, because they have evaded taxes there. These allegations were and continue to remain false, libelous, malicious, and calculated to cause damage to Milo, Bird-X's direct competitor in some product industries.*

**ANSWER:**

Paragraph 37 contains legal conclusions to which no response is required. To the extent a response is required, Bird-X denies the allegations set forth in Paragraph 37.

38. *Upon information and belief, agents for Bird-X, including Joe Seid, CEO of Bird-X, acting as an agent for Bird-X, have stated via telephone or other oral means of communication, the same basic allegations, that Anthony and Michael Liu are being sought by the Chinese government for tax evasion, to personnel for Wal-Mart, and other distributors and business associates for Plaintiff, including in November 2017 to personnel for Home Depot, and in January 2018 and March 2018 to personnel for Amazon.com. Discovery proceedings in this*

*case are likely to produce further documents and information relating to these communications currently in the possession of Defendant.*

**ANSWER:**

Paragraph 38 contains legal conclusions to which no response is required. To the extent a response is required, Bird-X denies the allegations set forth in Paragraph 38.

39. *In the email correspondence sent in or about November 2017 to representatives of the store chain Home Depot, Joe Seid of Bird-X, while acting as an agent for Bird-X, falsely stated that certain products sold on homedepot.com by Plaintiff "knockoff" or infringe Bird-X products.*

**ANSWER:**

Paragraph 39 contains legal conclusions to which no response is required. To the extent a response is required, Bird-X admits that Exhibit D appears to be a copy of an email from Joe Seid sent on or about November 1, 2017, and otherwise refers to the email, which speaks for itself, in response to any allegations concerning the contents of such email. Except as expressly admitted, Bird-X denies the allegations set forth in Paragraph 39.

40. *Plaintiff was informed of the email correspondence sent by Mr. Seid to Home Depot by Home Depot, which in a letter of November 10, 2017 replied to Bird-X regarding the allegations, and began investigation into the false allegations of infringement. A true and correct copy of the letter from Home Depot to Bird-X is attached as Exhibit "E" and incorporated herein by reference.*

**ANSWER:**

Paragraph 40 contains legal conclusions to which no response is required. To the extent a response is required, Bird-X admits that Exhibit E appears to be a copy of a letter from Matthew T. Nesbitt of The Home Depot sent on or about November 10, 2017, and otherwise refers to the letter, which speaks for itself, in response to any allegations concerning the contents of such

letter. Except as expressly admitted, Bird-X denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the SAC.

41. *Based solely on these allegations of copyright infringement by Defendants, Amazon has removed one or more of Plaintiff's product listings. The listings have still not been restored.*

**ANSWER:**

Bird-X denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 41.

42. *Plaintiff's products remain unlisted for sale at least on Amazon.com, due to the closure of Plaintiff's seller account, which was undertaken and caused solely by Bird-X's false allegations of copyright infringement.*

**ANSWER:**

Paragraph 42 contains legal conclusions to which no response is required. To the extent a response is required, Bird-X denies the allegations set forth in Paragraph 42.

43. *Plaintiff therefore continues to be damaged by Defendants' actions.*

**ANSWER:**

Bird-X denies the allegations set forth in Paragraph 43.

44. *Defendants have therefore directly damaged Plaintiff, with such damages continuing to be incurred.*

**ANSWER:**

Bird-X denies the allegations set forth in Paragraph 44.

45.    *Despite its allegations and actions taken to stop Plaintiff's sales of its lawful products, Bird-X for several months did not provide additional evidence or information to supports its complaints or actions, and has not provided any evidence regarding at least one Milo product that Bird-X specifically requested and directly caused to be removed from sale.*

**ANSWER:**

Bird-X denies the allegations set forth in Paragraph 45.

46.    *On April 16, 2018, Bird-X sent Plaintiff a letter accusing Plaintiff of infringing its claimed trademark, U.S. Trademark Registration No. 3,347,475, for "SCARE-EYE" (the "Subject Trademark"). Bird-X asserted that Plaintiff had already infringed the Subject Trademark in connection with Plaintiff's sale of its bird repellents and animal repellents. Bird-X's letter of April 16, 2018 expressly asserted that Plaintiff's lawful sales of its products "is likely to confuse customers, and therefore constitutes trademark infringement and false designation of origin in violation of the Lanham Act." A true and correct copy of the letter is attached as Exhibit "F" and incorporated herein by reference.*

**ANSWER:**

Bird-X admits that Exhibit F appears to be a copy of a letter from counsel for Bird-X to Plaintiff's counsel sent on or about April 16, 2018, and otherwise refers to the letter, which speaks for itself, in response to any allegations concerning the contents of such letter.

47.    *In the letter of April 16, 2018, Bird-X also stated that Plaintiff was "infringing the SCARE-EYE trademark both in the name of the product ... and in the description of the item. Bird-X further alleged that "it is clear that [Plaintiff's] use of the SCARE-EYE trademark has already caused consumer confusion."*

16

**ANSWER:**

Bird-X admits that Exhibit F appears to be a copy of a letter from counsel for Bird-X to Plaintiff's counsel sent on or about April 16, 2018, and otherwise refers to the letter, which speaks for itself, in response to any allegations concerning the contents of such letter.

48.     *In the letter of April 16, 2018, Bird-X also stated clearly that it "consistently enforces its trademark rights against infringers through all appropriate legal means." Lastly, Bird-X gave Plaintiff notice that "Bird-X is prepared to take all steps necessary to protect its valuable intellectual property rights, without further notice."*

**ANSWER:**

Bird-X admits that Exhibit F appears to be a copy of a letter from counsel for Bird-X to Plaintiff's counsel sent on or about April 16, 2018, and otherwise refers to the letter, which speaks for itself, in response to any allegations concerning the contents of such letter.

49.     *Plaintiff is informed and believes and thereupon alleges that Bird-X does not mark its products clearly with notices of copyright ownership such that any reasonable individual would know such copyright rights are allegedly valid and subsisting.*

**ANSWER:**

Paragraph 49 contains legal conclusions to which no response is required.  To the extent a response is required, Bird-X denies the allegations set forth in Paragraph 49.

50.     *Plaintiff is informed and believes and thereupon alleges Bird-X does not consistently mark its products with identifiers such as $^{TM}$ or ® such that any reasonable individual would know such trademark rights are allegedly valid and subsisting. For instance, the Scare-Eye product sold by Bird-X and shown in Exhibit G attached herein does not have any markings.*

17

**ANSWER:**

Paragraph 50 contains legal conclusions to which no response is required. To the extent a response is required, Bird-X denies the allegations set forth in Paragraph 50.

51. *There presently exists a justiciable controversy regarding the Plaintiff's right to make any and all forms and shapes of bird repellents and animal repellents with intrinsic value free of any allegation by Bird-X that such conduct constitutes an infringement of any copyright rights allegedly owned by Bird-X.*

**ANSWER:**

Paragraph 51 contains legal conclusions to which no response is required. To the extent a response is required, Bird-X denies the allegations set forth in Paragraph 51.

52. *There presently exists a justiciable controversy regarding the Plaintiff's right to make any and all forms and shapes of bird repellents and animal repellents with intrinsic value free of any allegation by Bird-X that such conduct constitutes an infringement of any trademark rights allegedly owned by Bird-X.*

**ANSWER:**

Paragraph 52 contains legal conclusions to which no response is required. To the extent a response is required, Bird-X denies the allegations set forth in Paragraph 52.

53. *There presently exists a justiciable controversy regarding the Plaintiff's right to make any and all forms and shapes of bird repellents and animal repellents with intrinsic value free of any allegation by Bird-X that such conduct constitutes an infringement of any trade dress rights allegedly owned by Bird-X.*

**ANSWER:**

Paragraph 53 contains legal conclusions to which no response is required. To the extent a response is required, Bird-X denies the allegations set forth in Paragraph 53.

## V.    CLAIMS FOR RELIEF

### COUNT 1

### (Declaratory Judgment of Noninfringement of Trademark or Trade Dress)

### (Against Bird-X)

*54.    Plaintiff incorporates by reference and realleges paragraphs 1 through 53 above as though fully set forth herein.*

**ANSWER:**

Bird-X incorporates each of its answers set forth in the preceding paragraphs of this Answer.

*55.    This is a declaratory judgment action under the trademark laws of the United States, 15 U.S.C. § 1051 et seq., 15 U.S.C. § 1125(a), the copyright laws of the United States, 17 U.S.C. § 101 et seq, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.*

**ANSWER:**

Paragraph 55 contains legal conclusions to which no response is required. To the extent a response is required, Bird-X admits that Plaintiff purports to bring an action under the cited statutes.

*56.    Bird-X has created a present and actual controversy between Plaintiff and Bird-X concerning the matter of whether Plaintiff's products infringe one or more of Bird-X's trademarks.*

**ANSWER:**

Paragraph 56 contains legal conclusions to which no response is required.  To the extent a response is required, Bird-X admits that it contends Plaintiff has infringed at least one of Bird-X's valid trademarks through its actions.

57.     *As an actual justiciable controversy exists by way of the credible threat of immediate litigation and demand to cease and desist manufacture of Plaintiff's products and forbearance of manufacture of other similar products, Plaintiff seeks relief from this Court.*

**ANSWER:**

Paragraph 57 contains legal conclusions to which no response is required.  To the extent a response is required, Bird-X admits that it sent a cease and desist letter to Plaintiff, a copy of which was attached as Exhibit F to the SAC, and otherwise refers to the letter, which speaks for itself, in response to any allegations concerning the contents of such letter.  Except as expressly admitted, Bird-X denies the allegations set forth in Paragraph 57.

58.     *The manufacture, use, sale and offer of sale of products by Plaintiff does not infringe any trademark rights or trade dress rights claimed by Bird-X.*

**ANSWER:**

Bird-X denies the allegations set forth in Paragraph 58.

59.     *Plaintiff is entitled to declaratory judgment that it is not infringing, has not infringed, and is not liable for infringing any allegedly enforceable trademark rights or trade dress rights owned by Bird-X relating to the sale of bird repellents, either directly or by inducing others to infringe or by contributing to infringement by others.*

**ANSWER:**

Bird-X denies the allegations set forth in Paragraph 59 and denies that Plaintiff is entitled to the relief it seeks.


**COUNT 2**

**(Declaratory Judgment of Unenforceability of Trademark or Trade Dress)**

**(Against Bird-X)**

*60.     Plaintiff incorporates by reference and realleges paragraphs 1 through 59 above as though fully set forth herein.*

**ANSWER:**

Bird-X incorporates each of its answers set forth in the preceding paragraphs of this Answer.


*61.     This is a declaratory judgment action under the trademark laws of the United States, 15 U.S.C. § 1051 et seq., 15 U.S.C. § 1125(a), the copyright laws of the United States, 17 U.S.C. § 101 et seq, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.*

**ANSWER:**

Paragraph 61 contains legal conclusions to which no response is required.  To the extent a response is required, Bird-X admits that Plaintiff purports to bring an action under the cited statutes.


*62.     Bird-X has created a present and actual controversy between Plaintiff and Bird-X concerning the matter of whether Plaintiff's products infringe one or more of Bird-X's trademarks.*

**ANSWER:**

Paragraph 62 contains legal conclusions to which no response is required.  To the extent a response is required, Bird-X admits that it contends Plaintiff has infringed at least one of Bird-X's valid trademarks through its actions.

63.     *As an actual justiciable controversy exists by way of the credible threat of immediate litigation and demand to cease and desist manufacture of Plaintiff's products and forbearance of manufacture of other similar products, Plaintiff seeks relief from this Court.*

**ANSWER:**

Paragraph 63 contains legal conclusions to which no response is required.  To the extent a response is required, Bird-X admits that it sent a cease and desist letter to Plaintiff, a copy of which was attached as Exhibit F to the SAC, , and otherwise refers to the letter, which speaks for itself, in response to any allegations concerning the contents of such letter.  Except as expressly admitted, Bird-X denies the allegations set forth in Paragraph 63.

64.     *Plaintiff requests an order declaring that Bird-X's alleged trademarks, including the Subject Trademark, allegedly for "Scare-Eye", which was asserted by Bird-X, because of being descriptive, generic, and not having inherent distinctive element, lack the requisite elements to be protectable on the Principal Register and to be enforceable.*

**ANSWER:**

Paragraph 64 contains legal conclusions to which no response is required.  To the extent a response is required, Bird-X denies the allegations set forth in Paragraph 64 and denies that Plaintiff is entitled to the relief it seeks.

65.     *Plaintiff requests an order declaring that Bird-X's alleged trade dress rights, which were asserted by Bird-X, lack the requisite elements to be protectable on the Principal Register and to be enforceable.*

**ANSWER:**

Bird-X denies the allegations set forth in Paragraph 65 and denies that Plaintiff is entitled to the relief it seeks.


## COUNT 3

### Declaratory Judgment of Noninfringement of Copyright

### (Against Bird-X)

66.    *Plaintiff incorporates by reference and realleges paragraph 1 through 65 above as though fully set forth herein.*

**ANSWER:**

Bird-X incorporates each of its answers set forth in the preceding paragraphs of this Answer.


67.    *This is a declaratory judgment action under the trademark laws of the United States, 15 U.S.C. § 1051 et seq., 15 U.S.C. § 1125(a), the copyright laws of the United States, 17 U.S.C. § 101 et seq, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.*

**ANSWER:**

Paragraph 67 contains legal conclusions to which no response is required.  To the extent a response is required, Bird-X admits that Plaintiff purports to bring an action under the cited statutes.


68.    *As alleged in more detail above, Bird-X has alleged copyright infringement to Plaintiff's business associates.*

**ANSWER:**

Bird-X admits that it notified certain entities that sold Plaintiff's products that Plaintiff was selling a product in violation of Bird-X's intellectual property rights, but denies this can

support any of Plaintiff's causes of action against Bird-X.  Except as expressly admitted, Bird-X denies the allegations set forth in Paragraph 68.

69.     *Defendants have taken actions to stop Plaintiff's sales based on such claimed copyright infringement, including securing the removal of product listings at online stores including Amazon.*

**ANSWER:**

Bird-X admits that it notified certain entities that sold Plaintiff's products that Plaintiff was selling a product in violation of Bird-X's intellectual property rights, but denies this can support any of Plaintiff's causes of action against Bird-X.  Except as expressly admitted, Bird-X denies the allegations set forth in Paragraph 69.

70.     *Plaintiff continues to be damaged by these actions by Defendants.*

**ANSWER:**

Bird-X denies the allegations set forth in Paragraph 70.

71.     *Bird-X has created a present and actual controversy between Plaintiff and Bird-X concerning the matter of whether Plaintiff's products infringe one or more of Bird-X's alleged copyright rights.*

**ANSWER:**

Paragraph 71 contains legal conclusions to which no response is required.  To the extent a response is required, Bird-X admits that it notified certain entities that sold Plaintiff's products that Plaintiff was selling a product in violation of Bird-X's intellectual property rights, but denies this can support any of Plaintiff's causes of action against Bird-X.  Except as expressly admitted, Bird-X denies the allegations set forth in Paragraph 71.

72.     *As an actual justiciable controversy exists by way of the credible threat of immediate litigation and demand to cease and desist manufacture of Plaintiff's products and forbearance of manufacture of other similar products, Plaintiff seeks relief from this Court.*

**ANSWER:**

Paragraph 72 contains legal conclusions to which no response is required. To the extent a response is required, Bird-X admits that it notified certain entities that sold Plaintiff's products that Plaintiff was selling a product in violation of Bird-X's intellectual property rights, but denies this can support any of Plaintiff's causes of action against Bird-X. Except as expressly admitted, Bird-X denies the allegations set forth in Paragraph 72.

73.     *The manufacture, use, sale and offer of sale of products by Plaintiff does not infringe any copyright rights claimed by Bird-X.*

**ANSWER:**

Paragraph 73 contains legal conclusions to which no response is required. To the extent a response is required, Bird-X admits that some of Plaintiff's products do not infringe on Bird-X's copyrights. Except as expressly admitted, Bird-X denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 of the SAC.

74.     *Plaintiff is entitled to declaratory judgment that it is not infringing, has not infringed, and is not liable for infringing any allegedly enforceable copyright rights owned by Bird-X, either directly or by inducing others to infringe or by contributing to infringement by others.*

**ANSWER:**

Bird-X denies the allegations set forth in Paragraph 74 and denies that Plaintiff is entitled to the relief it seeks.

## COUNT 4

### (Tortious Interference With Business Relations)

### (Against All Defendants)

75.      *Plaintiff incorporates by reference and realleges paragraph 1 through 74 above as though fully set forth herein.*

**ANSWER:**

Bird-X incorporates each of its answers set forth in the preceding paragraphs of this Answer.

76.      *Defendants have intentionally and willfully calculated to cause damage to Plaintiff's business relationships with its customers and business associates by sending objectively and subjectively baseless assertions of copyright infringement, trademark infringement, and trade dress infringement to such customers alleging that Plaintiff's products infringe Bird-X's intellectual property rights.*

**ANSWER:**

Paragraph 76 contains legal conclusions to which no response is required.  To the extent a response is required, Bird-X denies the allegations set forth in Paragraph 76.

77.      *Additionally, agents for Bird-X, including Joe Seid, while acting as an agent for Bird-X, have intentionally and willfully calculated to cause damage to Plaintiff 's business relationships with its customers and business associates by making false statements in writing to Plaintiff's business partners and associates.*

**ANSWER:**

Paragraph 77 contains legal conclusions to which no response is required.  To the extent a response is required, Bird-X denies the allegations set forth in Paragraph 77.

78.     *Defendants actions alleged in this Complaint were done with an intent to damage Plaintiff's business relationships and to cause a termination of such relationships. Defendants have stated such clearly, both orally and in writing, including by Joe Seid, while acting as an agent for Bird-X: "I will instruct Amazon to close your entire store."*

**ANSWER:**

Paragraph 78 contains legal conclusions to which no response is required.  To the extent a response is required, Bird-X denies the allegations set forth in Paragraph 78.

79.     *Defendants have attempted and succeeded in doing just that. Plaintiff's listings were closed and its products stopped from sale, despite a glaring lack of sufficient information to prove Defendants' assertions.*

**ANSWER:**

Paragraph 79 contains legal conclusions to which no response is required.  To the extent a response is required, Bird-X denies the allegations set forth in the first sentence of Paragraph 79 and denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 79 of the SAC.

80.     *In correspondence with Plaintiff's business associates and business partners, including but not limited to January 6, 2018, Joe Seid of Bird-X, while acting as an agent for Bird-X, falsely asserted to Business Associates for Plaintiff that "[t]he Chinese government is looking for Anthony and Michael Liu for tax evasion."*

**ANSWER:**

Paragraph 80 contains legal conclusions to which no response is required.  To the extent a response is required, Bird-X denies the allegations set forth in Paragraph 80.

81.     *Defendants had no right or justifiable cause for its conduct in the actions alleged herein.*

27

**ANSWER:**

Bird-X denies the allegations set forth in Paragraph 81.

82.     *The acts of Defendants alleged in this Complaint have caused irreparable harm to Plaintiff.*

**ANSWER:**

Bird-X denies the allegations set forth in Paragraph 82.

83.     *Unless enjoined, Defendants' acts alleged herein will continue to cause Plaintiff irreparable harm, loss, and injury.*

**ANSWER:**

Bird-X denies the allegations set forth in Paragraph 83.

**COUNT 5**

**(Federal Unfair Competition)**

**(Against All Defendants)**

84.     *Plaintiff incorporates by reference and realleges paragraph 1 through 83 above as though fully set forth herein.*

**ANSWER:**

Bird-X incorporates each of its answers set forth in the preceding paragraphs of this Answer.

85.     *Defendants' objectively and subjectively baseless assertions of trademark infringement, trade dress infringement, copyright infringement against Plaintiff and its customers made in cease and desist letters and complaints constitute bad faith commercial statements made in an attempt to divert customers from Plaintiff and to otherwise injure Plaintiff's ability to compete and have unlawfully diverted trade, goodwill, and revenue from*

*Plaintiff. Defendants have been and are being unjustly enriched with other benefits proximately caused by and/or resulting from their unlawful acts as alleged herein, in violation of 15 U.S.C. § 1125.*

**ANSWER:**

Paragraph 85 contains legal conclusions to which no response is required. To the extent a response is required, Bird-X denies the allegations set forth in Paragraph 85.

86. *The actions of Defendants alleged in this complaint have caused and will continue to cause substantial and irreparable harm, damage and injury to Plaintiff for which Plaintiff has no fully adequate remedy at law, and will continue unless and until enjoined and restrained by this Court.*

**ANSWER:**

Bird-X denies the allegations set forth in Paragraph 86.

**COUNT 6**

**(Misrepresentation of Copyright Claims Under the Digital Millennium Copyright Act ("DMCA") 17 U.S.C. § 512(f))**

**(Against All Defendants)**

87. *Plaintiff incorporates by reference and realleges paragraph 1 through 86 above as though fully set forth herein.*

**ANSWER:**

Bird-X incorporates each of its answers set forth in the preceding paragraphs of this Answer.

88. *Upon information and belief, Plaintiff did not infringe any copyright owned or administrated by Defendants.*

29

**ANSWER:**

Paragraph 88 contains legal conclusions to which no response is required. To the extent a response is required, Bird-X denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 of the SAC.

89.     *Any use of any materials or information by Plaintiff was a self-evident, non-infringing, and/or fair use under 17 U.S.C. § 107.*

**ANSWER:**

Paragraph 89 contains legal conclusions to which no response is required. To the extent a response is required, Bird-X denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89 of the SAC.

90.     *Upon information and belief, Defendants knew that they did not own any copyright nor able to register any copyright at the U.S. Copyright Office for its products related to the 1st Copyright Complaint as stated in paragraphs 20, 21 above and to the 2nd Copyright Complaint as stated in paragraphs 22, 23 above because the designs on the related repellant products are functional, descriptive, generic, and lack inherently distinctive elements.*

**ANSWER:**

Paragraph 90 contains legal conclusions to which no response is required. To the extent a response is required, Bird-X denies the allegations set forth in Paragraph 90.

91.     *Upon information and belief, Defendant knew or should have known that Plaintiff did not infringe any copyrights on the date they sent their DMCA takedown notices.*

**ANSWER:**

Paragraph 91 contains legal conclusions to which no response is required. To the extent a response is required, Bird-X denies the allegations set forth in Paragraph 91.

92.     *Defendants sent the DMCA notices for the purpose of interfering with Plaintiff's business and/or for the purpose of suppressing criticism of its products or business practices.*

**ANSWER:**

Bird-X denies the allegations set forth in Paragraph 92.

93.     *This is an improper use of the DMCA takedown scheme, and is specifically prohibited by law. 17 U.S.C. § 512(f).*

**ANSWER:**

Paragraph 93 contains legal conclusions to which no response is required. To the extent a response is required, Bird-X denies the allegations set forth in Paragraph 93.

94.     *Defendants violated 17 U.S.C. § 512(f) by knowingly materially misrepresenting that Plaintiff infringed Defendants' copyrights.*

**ANSWER:**

Paragraph 94 contains legal conclusions to which no response is required. To the extent a response is required, Bird-X denies the allegations set forth in Paragraph 94.

95.     *Defendant hoped to use the DMCA process to suppress speech and not in order to address real copyright concerns, since the designs on the repellent products were not eligible for copyright protection and therefore could not possibly result in liability for copyright infringement. As a direct and proximate result of Defendants' actions, Plaintiff have been injured in an amount to be determined at trial.*

**ANSWER:**

Paragraph 95 contains legal conclusions to which no response is required. To the extent a response is required, Bird-X denies the allegations set forth in Paragraph 95.

96.     *Plaintiff has been forced to retain the services of an attorney to pursue this*
*action, and are entitled to recover its attorney's fees and any and all costs associated with*
*pursuing this matter, as permitted under 17 U.S.C. § 512(f).*

**ANSWER:**

Paragraph 96 contains legal conclusions to which no response is required.  To the extent a
response is required, Bird-X denies the allegations set forth in Paragraph 96 and denies that
Plaintiff is entitled to the relief it seeks.

97.     *In the alternative, Plaintiff asks for attorney's fees as damages due to the*
*malicious, wrongful actions of Defendants in this matter.*

**ANSWER:**

Paragraph 97 contains legal conclusions to which no response is required.  To the extent a
response is required, Bird-X denies the allegations set forth in Paragraph 97 and denies that
Plaintiff is entitled to the relief it seeks.

**COUNT 7**

**(Defamation)**

**(Against All Defendants)**

98.     *Plaintiff incorporates by reference and realleges paragraph 1 through 98 above*
*as though fully set forth herein.*

**ANSWER:**

Bird-X incorporates each of its answers set forth in the preceding paragraphs of this
Answer.

99.     *Agents and personnel for Bird-X, including Joe Seid, CEO of Bird-X, while acting*
*as an agent for Bird-X, willfully, without justification, and without privilege, have made false*

*statements in writing to Plaintiff's business partners and associates which have caused damage*

*to Plaintiff, including damage to Plaintiff's business and reputation.*

**ANSWER:**

Paragraph 99 contains legal conclusions to which no response is required. To the extent a response is required, Bird-X denies the allegations set forth in Paragraph 99.

*100.    In correspondence with Plaintiff's business associates and business partners,*

*including but not limited to January 6, 2018, Joe Seid of Bird-X, acting as CEO and agent for*

*Bird-X, falsely asserted to Business Associates for Plaintiff that "[t]he Chinese government is*

*looking for Anthony and Michael Liu for tax evasion." Mr. Seid continued, stating in writing, "I*

*will tell them their location in Canada. I have their addresses at work and at home." Said*

*correspondence is attached as Exhibit C and incorporated herein by reference.*

**ANSWER:**

Paragraph 100 contains legal conclusions to which no response is required. To the extent a response is required, Bird-X admits that Exhibit C appears to be a copy of an email from Joe Seid sent on or about January 6, 2018, and otherwise refers to the email, which speaks for itself, in response to any allegations concerning the contents of such email. Except as expressly admitted, Bird-X denies the allegations set forth in Paragraph 100.

*101.    In correspondence with personnel for Home Depot on November 1, 2017, Joe*

*Seid, CEO of Bird-X, acting as an agent for Bird-X, stated the same basic allegations, that*

*Plaintiff, or personnel or officers of Plaintiff, are being sought by the Chinese government for*

*tax evasion. Said correspondence is attached as Exhibit D and incorporated herein by reference.*

**ANSWER:**

Paragraph 101 contains legal conclusions to which no response is required. To the extent a response is required, Bird-X admits that Exhibit D appears to be a copy of an email from Joe Seid sent on or about November 1, 2017, and otherwise refers to the email, which speaks for

itself, in response to any allegations concerning the contents of such email. Except as expressly admitted, Bird-X denies the allegations set forth in Paragraph 101.

*102. These statements are libelous on its face and are disparaging to Plaintiff's business as it seeks to undermine Plaintiff's reputation and trustworthiness, thereby inducing the parties to whom it is communicated, to refrain or be deterred from doing business with Plaintiff. Such statements are of no public interest whatsoever and are categorically unrelated to the subject matter at hand. These statements serve only for the purpose of willfully and maliciously harming Plaintiff's business interest.*

**ANSWER:**

Paragraph 102 contains legal conclusions to which no response is required. To the extent a response is required, Bird-X denies the allegations set forth in Paragraph 102.

*103. Upon information and belief, agents for Bird-X, including Joe Seid, CEO of Bird-X, acting as an agent for Bird-X, have stated the same basic allegations, that Anthony and Michael Liu are being sought by the Chinese government for tax evasion, in other written correspondence sent to Wal-Mart, and other distributors and business associates for Plaintiff.*

**ANSWER:**

Paragraph 103 contains legal conclusions to which no response is required. To the extent a response is required, Bird-X denies the allegations set forth in Paragraph 103.

*104. Upon information and belief, agents for Bird-X, including Joe Seid, CEO of Bird-X, acting as an agent for Bird-X, have stated via telephone or other oral means of communication, the same basic allegations, that Anthony and Michael Liu are being sought by the Chinese government for tax evasion, to personnel for Wal-Mart, and other distributors and business associates for Plaintiff, including in November 2017 to personnel for Home Depot, and in January 2018 and March 2018 to personnel for Amazon.com. Discovery proceedings in this*

34

*case are likely to produce further documents and information relating to these communications*
*currently in the possession of Defendant.*

**ANSWER:**

Paragraph 104 contains legal conclusions to which no response is required. To the extent
a response is required, Bird-X denies the allegations set forth in Paragraph 104.

*105.    In sending the malicious email correspondence, including that email of January*
*6, 2018 and other written correspondence sent to Home Depot, Wal-Mart, and other distributors*
*and business associates for Plaintiff, Defendant, including Joe Seid of Bird-X, acting as CEO*
*and agent for Bird-X, did not provide or mention any information or evidence to support the*
*defamatory statements, including the unfounded and offensive allegation that "[t]he Chinese*
*government is looking for Anthony and Michael Liu for tax evasion," including but not limited to*
*any news, third party's statement or other possibly available public information. Joe Seid of*
*Bird-X, acting as CEO and agent for Bird-X failed to use reasonable care to determine the truth*
*or falsity of the statements.*

**ANSWER:**

Paragraph 105 contains legal conclusions to which no response is required. To the extent
a response is required, Bird-X denies the allegations set forth in Paragraph 105.

*106.    Those people including but not limited to Plaintiff's business associates and*
*business partners, Home Depot, Wal-Mart, and other distributors who received or were*
*informed of the written statements from Joe Seid of Bird-X, acting as CEO and agent for Bird-X,*
*being ordinary individuals, would reasonably understand that the statements were about*
*Plaintiff.*

**ANSWER:**

Paragraph 106 contains legal conclusions to which no response is required. To the extent a response is required, Bird-X denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106 of the SAC.

107. *These written statements made to Plaintiff's associates and business partners by agents for Bird-X, including Joe Seid, CEO of Bird-X, acting as an agent for Bird-X, are false and libelous, and purport to state facts about Plaintiff or Plaintiff's business that are false.*

**ANSWER:**

Paragraph 107 contains legal conclusions to which no response is required. To the extent a response is required, Bird-X denies the allegations set forth in Paragraph 107.

108. *These written statements made to Plaintiff's associates and business partners by agents for Bird-X, including Joe Seid, CEO of Bird-X, acting as an agent for Bird-X, have accused Plaintiff's officials and personnel of illegal acts and other malicious falsehoods. The libelous and slanderous statements made by Joe Seid, CEO of Bird-X, acting as an agent for Bird-X, therefore are likely to and have already damaged Plaintiff's business, economic relations, and reputation in its industry.*

**ANSWER:**

Paragraph 108 contains legal conclusions to which no response is required. To the extent a response is required, Bird-X denies the allegations set forth in Paragraph 108.

109. *The libelous and slanderous statements made by Joe Seid, CEO of Bird-X, acting as an agent for Bird-X, were therefore made with malice. The statements were not made for any official purpose or privileged purpose. The statements were not privileged communications.*

**ANSWER:**

Paragraph 109 contains legal conclusions to which no response is required. To the extent a response is required, Bird-X denies the allegations set forth in Paragraph 109.

110. *Defendant, including any agents, including Joe Seid, CEO of Bird-X, are unable to proffer any evidence in support of the supposed Defendant's defamatory statements. Indeed, if it had been true that the Chinese Government is seeking any such personnel of Plaintiff for tax evasion, said personnel would not have been able to travel freely in and out of China, which they are still able to do, as proven by relevant passport records, which Plaintiff can make available in discovery, if requested.*

**ANSWER:**

Paragraph 110 contains legal conclusions to which no response is required. To the extent a response is required, Bird-X denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff's personnel have been able to freely travel to China, and otherwise denies the remaining allegations set forth in Paragraph 110.

111. *Similarly, Defendant is unable to proffer any evidence in support of its defamatory statements accusing Defendant of other illegal activity, including the sale of counterfeit goods.*

**ANSWER:**

Paragraph 111 contains legal conclusions to which no response is required. To the extent a response is required, Bird-X denies the allegations set forth in Paragraph 111.

112. *Plaintiff has a longstanding and widely known reputation for quality, original goods in the industry in which it manufactures and sells its goods.*

**ANSWER:**

Bird-X denies the allegations to the extent that Plaintiff has marketed its products using Bird-X's trademarks, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 112.

113.    *Plaintiff has a longstanding prestige and widely known reputation for honesty and good faith in the industry in which it manufactures and sells its goods.*

**ANSWER:**

Bird-X denies the allegations to the extent that Plaintiff has marketed its products using Bird-X's trademarks, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 113.

114.    *As a proximate result of Joe Seid's publication of the statements, prospective as well as existing customers have been deterred from buying Plaintiff's business goods and from otherwise dealing with Plaintiff, and Plaintiff has thereby suffered injury to his business and pecuniary loss to be proven at trial.*

**ANSWER:**

Paragraph 114 contains legal conclusions to which no response is required.  To the extent a response is required, Bird-X denies the allegations set forth in Paragraph 114.

115.    *These written statements made to Plaintiff's associates and business partners by agents for Bird-X, including Joe Seid, CEO of Bird-X, acting as an agent for Bird-X, were untrue, and Defendant knew them to be untrue and/or had no reason to believe to be true, at the time he published the statements.*

**ANSWER:**

Paragraph 115 contains legal conclusions to which no response is required. To the extent a response is required, Bird-X denies the allegations set forth in Paragraph 115.

*116.    These false and libelous statements were calculated by Defendants to damage Plaintiff.*

**ANSWER:**

Paragraph 116 contains legal conclusions to which no response is required. To the extent a response is required, Bird-X denies the allegations set forth in Paragraph 116.

*117.    Due to the false statements made by agents for Bird-X, including Joe Seid, CEO of Bird-X, acting as an agent for Bird-X, Plaintiff continues to suffer economic damages, interference with its business relations, embarrassment, and other damages, in an amount according to proof.*

**ANSWER:**

Paragraph 117 contains legal conclusions to which no response is required. To the extent a response is required, Bird-X denies the allegations set forth in Paragraph 117.

*118.    Defendant acted with reckless, willful or callous disregard for Plaintiff's rights and with malice, fraud or oppression toward Plaintiff.*

**ANSWER:**

Paragraph 118 contains legal conclusions to which no response is required. To the extent a response is required, Bird-X denies the allegations set forth in Paragraph 118.

*119.    Plaintiff is therefore entitled to an award of punitive damages in an amount according to proof.*

**ANSWER:**

Bird-X denies the allegations set forth in Paragraph 119 and denies that Plaintiff is entitled to the relief it seeks.

*120.     These statements made by agents for Bird-X fit the provisions of California Civil Code §45 in that it is a "false and unprivileged publication by writing, picture, printing, effigy, or other fixed representation to the eye, which exposes any person to hatred, contempt, ridicule, or obloquy, or which causes him to be shunned or avoided, or which has a tendency to injure him in his occupation."*

**ANSWER:**

Paragraph 120 contains legal conclusions to which no response is required.  To the extent a response is required, Bird-X denies that California law applies under choice of law analysis, and that alleged statements support a cause of action under applicable Illinois law.

*121.     Therefore, pursuant to California Civil Code §45, these statements by agents for Bird-X, including Joe Seid, CEO of Bird-X, acting as an agent for Bird-X, are libel for which Defendants are liable for damages sustained by Plaintiff, and punitive damages.*

**ANSWER:**

Paragraph 121 contains legal conclusions to which no response is required.  To the extent a response is required, Bird-X denies that California law applies under choice of law analysis, and that alleged statements support a cause of action under applicable Illinois law.

*122.     Bird-X is liable to Plaintiff as a result of these false and defamatory statements for actual, presumed, and punitive damages in an amount to be determined at trial.*

**ANSWER:**

Paragraph 122 contains legal conclusions to which no response is required.  To the extent a response is required, Bird-X denies the allegations set forth in Paragraph 122 and that Plaintiff is entitled to any of the relief requested.

*123.    Plaintiff is entitled to general damages against Bird-X for Milo's loss of reputation, damage to business, shame, and emotional distress in accordance with proof at trial.*

**ANSWER:**

Paragraph 123 contains legal conclusions to which no response is required.  To the extent a response is required, Bird-X denies the allegations set forth in Paragraph 123 and that Plaintiff is entitled to any of the relief requested.

## JURY DEMAND

Defendant Bird-X, Inc. respectfully demands a trial by jury for all issues so triable.

## AFFIRMATIVE DEFENSES

Without conceding that any of the following necessarily must be pleaded as an affirmative defense or that any of the following is not already at issue by virtue of the foregoing responses to Plaintiff's allegations, Bird-X hereby asserts the following defenses.  Bird-X reserves the right to amend or supplement its affirmative defenses.

### First Affirmative Defense

1.    The SAC, or one or more of the counts set forth therein, fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

2.      Plaintiff's claims are barred by the equitable doctrines of laches, waiver, estoppel, and/or acquiescence.

### Third Affirmative Defense

3.      Plaintiff's claims are barred by the equitable doctrine of unclean hands.

### Fourth Affirmative Defense

4.      Plaintiff cannot show irreparable injury, and therefore is not entitled to injunctive relief.

### Fifth Affirmative Defense

5.      Plaintiff's claims are barred, in whole or in part, by the First and Fourteenth Amendments to the U.S. Constitution and Article I, § 4 of the Illinois Constitution, or to the extent California law applies, Article I, § 2(a) of the California Constitution.

### Sixth Affirmative Defense

6.      To the extent California law applies, Plaintiff's claims against Bird-X for defamation and tortious interference arise from the exercise of the right of free speech, or acts in furtherance of that right, in connection with issues of public interest, and thus fall within the scope of California Code of Civil Procedure § 425.16.  Because Plaintiff cannot meet its burden of demonstrating a probability that it will prevail on each of their claims (or any claim), the claims must be stricken and Bird-X must be awarded its attorneys' fees and costs incurred in defending against those claims.

### Seventh Affirmative Defense

7.     Plaintiff's SAC is barred, in whole or in part, because it arises from speech and conduct in furtherance of free speech rights involving matters of legitimate concern to the public, the publication and pursuit of which are privileged under the First and Fourteenth Amendments to the U.S. Constitution, and Article I, § 4 of the Illinois Constitution, or to the extent California law applies, Article I, § 2 of the California Constitution, and therefore cannot provide a basis for any recovery by Plaintiff.

### Eighth Affirmative Defense

8.     Plaintiff's claims for defamation and tortious interference are barred, in whole or in part, because Bird-X has not acted with the requisite degree of knowledge, intent, or fault.

### Ninth Affirmative Defense

9.     Plaintiff's claims for defamation and tortious interference are barred, in whole or in part, because Bird-X's conduct was reasonable, legally justified, and/or privileged and cannot give rise to any liability on its part.

### Tenth Affirmative Defense

10.     Plaintiff's claim for defamation is barred, in whole or in part, because to the extent that any statements or alleged implications that form the basis for the claim could be interpreted as asserting verifiable facts, those facts are substantially true.

### Eleventh Affirmative Defense

11.     Plaintiff's claim for defamation is barred, in whole or in part, because Plaintiff is a public figure and Bird-X did not publish any false statement or implication about it with constitutional actual malice.

### Twelfth Affirmative Defense

12.     Plaintiff's claim for defamation is barred, in whole or in part, because the subject matter of the alleged statements or alleged implications that form the basis for the claim involved matters of public interest, and Bird-X did not publish any false statement or implication about Plaintiff with constitutional actual malice.

### Thirteenth Affirmative Defense

13.     Plaintiff's SAC against Bird-X is barred, in whole or in part, to the extent that it arises from conduct not attributable to Bird-X.

### Fourteenth Affirmative Defense

14.     Plaintiff's SAC is barred, in whole or in part, because any damages allegedly suffered by Plaintiffs were the result, in whole or in part, of Plaintiff's own legal fault, and any recovery should be reduced in proportion to their individual and collective fault.

### Fifteenth Affirmative Defense

15.     Plaintiff's SAC is barred, in whole or in part, because of Plaintiffs' failure to mitigate their alleged damages, if any.

### Sixteenth Affirmative Defense

16.     Plaintiff's SAC, to the extent that it seeks punitive damages against Bird-X, violates Bird-X's rights to procedural and substantive due process.

### Seventeenth Affirmative Defense

17.     Plaintiff's Sixth Cause of Action for misrepresentation of copyright claims under the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512(f), is barred by 17 U.S.C. § 512.

**Eighteenth Affirmative Defense**

18.     Plaintiff's Sixth Cause of Action for misrepresentation of copyright claims under the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512(f), fails to state a claim for relief because Bird-X acted at all times in complete good faith based upon the information available to it.

**Nineteenth Affirmative Defense**

19.     Defendant reserves the right to allege additional affirmative defenses as they may become known during the course of discovery, and hereby specifically reserves the right to amend its Answer to Plaintiff's Complaint to allege said defenses at such time as they become known.

## <u>DEFENDANT'S PRAYER FOR RELIEF AS TO SAC</u>

WHEREFORE, Bird-X demands that judgment be entered against Plaintiff as follows:

1.     That Plaintiff take nothing by its SAC;

2.     That Plaintiff's SAC be dismissed with prejudice;

3.     That Bird-X be awarded its costs of suit, prejudgment interest and attorneys' fees incurred in connection with this lawsuit; and

4.     That Bird-X be awarded such other relief as the Court deems just, lawful, or equitable.

## <u>COUNTERCLAIMS</u>

For its Counterclaims against Milo, Defendant and Counterclaim-Plaintiff Bird-X states as follows:

## PARTIES

1.        Defendant and Counterclaim-Plaintiff Bird-X is an Illinois corporation with its principal place of business in Chicago, Illinois.

2.        Upon information and belief, Plaintiff and Counterclaim-Defendant Milo Enterprises, Inc. is a Canadian Corporation with its principal place of business in Vancouver, British Columbia.

## JURISDICTION AND VENUE

3.        This Court has subject matter jurisdiction over the counterclaims pursuant to 15 U.S.C. § 1121(a), 28 U.S.C. § 1331 and 28 U.S.C. § 1338 because the counterclaims arise under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, as amended, and pursuant to principles of supplemental jurisdiction.  Venue of these counterclaims is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTS

### Bird-X and its SCARE-EYE Mark

4.        Bird-X sells a wide range of pest and bird control solutions throughout the world.

5.        Since at least as early as June 11, 1987, Bird-X and its predecessor in interest has used the trademark SCARE-EYE in connection with bird repellants.

6.        Bird-X is the owner of a United States Trademark Registration for the mark SCARE-EYE: U.S. Trademark Registration No. 3,347,475, issued December 4, 2007, for bird repellents in International Class 5.  A Declaration of Incontestability for U.S. Trademark Registration No. 3,347,475 has been filed with the U.S. Patent and Trademark Office, and the registration is now incontestable and thus is conclusive evidence pursuant to 15 U.S.C. § 1115(b) that the SCARE-EYE mark is valid and that Bird-X owns the mark and has the exclusive right to use it.  A true and correct copy of the registration is attached as **Exhibit A**.

7.        Bird-X uses the SCARE-EYE mark in connection with sales of its popular bird repellant balloons.

**Milo's Infringing Conduct**

8.     Upon information and belief, since late 2017, and  since at least April 2018, Milo,
under the brand name Aspectek, has been offering for sale and selling products under names and
using sales copy that is confusing similar to Bird-X's SCARE-EYE mark.

9.     In particular, in and around April 2018, Milo, under the brand name Aspectek,
offered for sale on www.amazon.com and www.aspectek.com a bird repellant balloon similar to
the one sold by Bird-X under the name "Visualscare Bird Scary Eye Balloons" and referred to in
sales copy on both sites as "Scare Eye balloon."  Copies of these listings are attached as **Exhibit
B**.

10.    Milo's sale and offering for sale of goods under the name "Visualscare Bird Scary
Eye Balloons" and use of the sales copy "Scare Eye balloon" alone, or in connection with
products that are similar to those sold by Bird-X are likely to cause confusion among customers
of the products Bird-X sells under its SCARE-EYE mark and to cause such customers to
purchase Milo's products with the mistaken belief that the product was manufactured, endorsed,
or otherwise connected with Bird-X.

11.    Upon information and belief, Milo's use of the name "Visualscare Bird Scary Eye
Balloons" and use of the sales copy "Scare Eye balloon" has already caused consumer confusion.
On the printout of the Amazon webpage for Milo's listing, attached as Exhibit B, one of the
customers states that the Milo product is the same as the Bird-X product.

**FIRST COUNTERCLAIM**

**(False Designation of Origin, 15 U.S.C. §1125)**

12.    Defendant and Counterclaim-Plaintiff repeats and realleges the allegations set
forth in paragraphs 1-11 of the Counterclaims with the same force and effect as if set forth fully
herein.

13.    Milo's conduct as described above, namely its use of the name "Visualscare Bird
Scary Eye Balloons" and use of the sales copy "Scare Eye balloon" constitutes a false
designation of origin in violation of 15 U.S.C. §1125(a).

## SECOND COUNTERCLAIM

### (Trademark Infringement, 15 U.S.C. §1114)

14. Defendant and Counterclaim-Plaintiff repeats and realleges the allegations set forth in paragraphs 1-13 of the Counterclaims with the same force and effect as if set forth fully herein.

15. Milo's conduct as described above, namely its use of the name "Visualscare Bird Scary Eye Balloons" and use of the sales copy "Scare Eye balloon" constitutes trademark infringement in violation of the Lanham Act, 15 U.S.C. §1114.

## THIRD COUNTERCLAIM

### (Common Law Trademark Infringement)

16. Defendant and Counterclaim-Plaintiff repeats and realleges the allegations set forth in paragraphs 1-15 of the Counterclaims with the same force and effect as if set forth fully herein.

17. Milo's conduct as described above, namely its use of the name "Visualscare Bird Scary Eye Balloons" and use of the sales copy "Scare Eye balloon" constitutes trademark infringement under the common law of Illinois.

## BIRD-X'S REQUEST FOR RELIEF AS TO COUNTERCLAIMS

WHEREFORE, Defendant and Counterclaim-Plaintiff Bird-X requests relief as follows:

1. That Plaintiff and Counterclaim-Defendant Milo, its agents, servants, employees and all persons acting under their permission and authority, be enjoined and restrained from using the SCARE-EYE trademark or any other trademarks confusing similar thereto (including by not limited to VISUALSCARE BIRD SCARY EYE BALLOONS and SCARE EYE BALLOON) in any manner, including through selling or offering to sell products under such trademarks.

2. That the Court order Plaintiff and Counterclaim-Defendant Milo to deliver to Bird-X for destruction all goods, signs, advertisements, literature, business forms, cards, labels, packages, wrappers, pamphlets, brochures, receptacles, and any other written or printed material

in their possession or under their control which contain the SCARE-EYE trademark or any other trademarks confusing similar thereto (including by not limited to VISUALSCARE BIRD SCARY EYE BALLOONS and SCARE EYE BALLOON).

3.      That the Court order Plaintiff and Counterclaim-Defendant Milo to provide confirmation to Bird-X and the Court concerning its compliance with the injunction and order of destruction.

4.      That judgment be entered against Plaintiff and Counterclaim-Defendant Milo for damages sustained by Bird-X and profits generated by Plaintiff and Counterclaim-Defendant Milo as a result of the acts complained of herein pursuant to federal and state law, to be trebled in accordance with 15 U.S.C. § 1117.

5.      That the Court allow the recovery of full costs and attorneys' fees incurred by Bird-X.

6.      For such other relief as the Court deems just, lawful, or equitable.


DATED:  March 29, 2019.

Respectfully submitted,

By:*/s/ Kathryn V. Long*
Sean Sullivan
Diana Palacios
**Davis Wright Tremaine LLP**
865 S Figueroa Street, Suite 2400
Los Angeles, CA 90017
Telephone:  (213) 633-8644
Facsimile:  (213) 633-6899
seansullivan@dwt.com
dianapalacios@dwt.com

Eric Samore
Kathryn Victoria Long
**SmithAmundsen LLC**
150 North Michigan Avenue, Suite 3300
Chicago, Illinois 60601
ESamore@salawus.com
KLong@salawus.com

49

*Counsel for Defendant Bird-X, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that on **March 29, 2019,** she caused the foregoing **DEFENDANT BIRD-X, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT AND COUNTERCLAIM** to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record at their email addresses on file with the Court.

[x]     Pursuant to 28 USC Section 1746(2), I certify under penalty of perjury that the foregoing is true and correct. Executed on: March 29, 2019

/s/ Kathryn Long