UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| MILO ENTERPRISES, INC., <br><br> Plaintiff and Counterclaim-Defendant, <br><br> v. <br><br> BIRD-X, INC., et al., <br><br> Defendant and Counterclaim-Plaintiff. | Case No. 1:18-cv-06315 <br><br> Honorable John Z. Lee |

**Agreed Confidentiality Order**

The parties to this Agreed Confidentiality Order have agreed to the terms of this Order; accordingly, it is ORDERED:

**1. Scope.** All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information and Attorneys' Eyes Only Materials as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

**2. Confidential Information.** As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL–SUBJECT TO PROTECTIVE ORDER" by the producing party that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information;

(f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (g) personnel or employment records of a person who is not a party to the case. Information or documents that are available to the public may not be designated as Confidential Information.

       **3.**      **Attorneys' Eyes Only.**  The parties may further designate certain discovery material or testimony of a highly confidential and/or proprietary nature as "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY ("Attorneys' Eyes Only Materials") in the manner described in paragraphs 4 and 5 below. As used in this Order, "Attorneys' Eyes Only Materials" means information that contains current or future business plans, strategies, and/or results (including financials) or technical information or plans more sensitive or strategic than Confidential Information, the disclosure of which is likely to seriously harm the discloser's competitive position if widely known. Attorneys' Eyes Only Material and the information contained therein shall be disclosed only to the Court and to counsel for the parties (including the paralegal, clerical, and secretarial staff of counsel). Attorneys' Eyes Only Material and the information contained therein shall not be disclosed to a party, or to an officer, director or employee of a party, unless otherwise agreed or ordered. If disclosure of Attorneys' Eyes Only Material is made pursuant to this paragraph, all other provisions in this Order regarding confidentiality also apply. Such Attorneys' Eyes Only Material shall receive all the protections outlined in this protective Order, with the only exception being that the opposing parties and their respective officers, directors and employees shall not be permitted to view, or hear recitations of, such documents and information.

       **4.**      **Designation.**

             (a)     A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL–SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with

the legibility of the document, and designate a document as Attorneys' Eyes Only Material by placing or affixing the words "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" on the document and on all copies in a manner that will not interfere with the legibility of the document As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. Except as otherwise provided in this Order or the Court's prior Agreed Confidentiality Order, the marking "CONFIDENTIAL–SUBJECT TO PROTECTIVE ORDER" and the marking "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" shall be applied prior to or at the time the documents are produced or disclosed. Applying the marking "CONFIDENTIAL–SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL–SUBJECT TO PROTECTIVE ORDER" or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information or Attorneys' Eyes Only Material are not required to be marked.

      (b) Any party seeking to designate a document produced by another party or non-party as Confidential Information or Attorneys' Eyes Only Material shall do so by sending written notice to the producing party or non-party and all other parties, and shall include a copy stamped with the appropriate confidential designation or, in the event of natively-produced documents, data, or other electronically stored information, with the appropriate designation added to the file name. Upon receipt of such notice, all parties shall return to the producing party or non-party or destroy all unstamped copies of such documents.

(c) The designation of a document as Confidential Information or Attorneys' Eyes Only Material is a certification by an attorney that the document contains Confidential Information or Attorneys' Eyes Only Materials as defined in this order.

(e) Either party may retroactively designate information or documents produced by non-parties after the date of this Order as a result of a lawful subpoena as Confidential Information or Attorneys' Eyes Only Material within fourteen (14) days of receipt of said information or documents. In the event of retroactive designation, the parties are required to immediately serve a Notice of Designation to all parties of record. Retroactive designation shall be equally subject to the inadvertent failure to designate provisions contained in Paragraph 7 below as well as the challenge provisions contained in Paragraph 9 below.

5. **Depositions.**

Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential Information or Attorneys' Eyes Only Material until the expiration of the following: No later than the fourteenth day after the transcript is delivered to any party or the witness, and in no event later than 60 days after the testimony was given. Within this time period, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential Information or Attorneys' Eyes Only Material, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information or Attorneys' Eyes Only Material, unless otherwise agreed by the parties or ordered by the Court. Notwithstanding the foregoing, each party may bring a corporate representative to any deposition and if during the course of any such deposition testimony is solicited or documents are

presented which any attorney present believes to be Attorneys' Eyes Only Material, the corporate representative shall leave the room for the duration of the related testimony.

### 6. Protection of Confidential Material.

**(a) General Protections.** Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof.

**(b) Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)–(9) nor shall any Attorneys' Eyes Only Material be disclosed or permitted to be disclosed to any third person or entity except as set forth in subparagraph (1) and (3)-(9).. Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

(1) Counsel. Counsel for the parties and employees of counsel who have responsibility for the action;

(2) Parties. Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

(3) The Court and its personnel;

(4) Court Reporters and Recorders. Court reporters and recorders engaged for depositions;

(5) Contractors. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically-stored documents;

(6) Consultants and Experts. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(7) Witnesses at depositions. During their depositions, witnesses in this action to whom disclosure is reasonably necessary or any person whom a named party intends to call or reasonably believes, in good faith, that it may call, as a witness in any deposition to the extent reasonably necessary to prepare for and give his or her testimony, but only after such persons have completed the certification contained in Attachment A, Acknowledgement of Understanding and Agreement to be Bound, and, except for any expert witnesses entitled to receive Attorneys' Eyes Only Material under sub-paragraph (6), only to the extent the information is not designated Attorneys' Eyes Only Material and marked as "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY".. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(8) Author or recipient. The author or recipient of the document (not including a person who received the document in the course of litigation); and

(9) Others by Consent. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

**(c)** **Control of Documents.** Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information or Attorneys'

Eyes Only Material. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

7. **Inadvertent Failure to Designate.** An inadvertent failure to designate a document as Confidential Information or as Attorneys' Eyes Only Material does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. If a party designates a document as Confidential Information or Attorneys' Eyes Only Material after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information or Attorneys' Eyes Only Material, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information or Attorneys' Eyes Only Material.

8. **Filing of Confidential Information or Attorneys' Eyes Only Material.** This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential Information or Attorneys' Eyes Only Material in connection with a motion, brief or other submission to the Court must comply with LR 26.2. If any party wishes to file a document that has been designated as Confidential Information or Attorneys' Eyes Only Material for the sole reason that Plaintiff's real name appears in the document, the party may file the document in redacted form without filing under seal.

9. **No Greater Protection of Specific Documents**. Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the

ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

10. **Challenges by a Party to Designation as Confidential Information or as Attorneys' Eyes Only Material.** The designation of any material or document as Confidential Information or Attorneys' Eyes Only Material is subject to challenge by any party. The following procedure shall apply to any such challenge.

(a) **Meet and Confer.** A party challenging the designation of Confidential Information or as Attorneys' Eyes Only Material must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days.

(b) **Judicial Intervention.** A party that elects to challenge a confidentiality designation or Attorneys' Eyes Only Material designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information or as Attorneys' Eyes Only Material under the terms of this Order.

11. **Action by the Court.** Applications to the Court for an order relating to materials or documents designated Confidential Information or Attorneys' Eyes Only Material shall be by motion. Nothing in this Order or any action or agreement of a party under this Order

limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

12. **Use of Confidential Documents or Information at Trial.** Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential information or Attorneys' Eyes Only Material at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information or Attorneys' Eyes Only Material. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

13. **Confidential Information or Attorneys' Eyes Only Material Subpoenaed or Ordered Produced in Other Litigation.**

(a) If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information or Attorneys' Eyes Only Material, the receiving party must so notify the designating party, in writing, immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

(b) The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c) The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to

protect its Confidential Information or Attorneys' Eyes Only Material in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information or Attorneys' Eyes Only Material, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information or Attorneys' Eyes Only Material by the other party to this case.

   **14.** **Challenges by Members of the Public to Sealing Orders.** A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

   **15.** **Obligations on Conclusion of Litigation.**

   **(a)** **Order Continues in Force.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

   **(b)** **Obligations at Conclusion of Litigation.** Within sixty-three days after dismissal or entry of final judgment not subject to further appeal, each party shall destroy all Confidential Information and documents marked "CONFIDENTIAL–SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL_ATTORNEYS' EYES ONLY" received over the course of this litigation, including copies as defined in ¶ 3(a), and certify the fact of destruction. The receiving party shall not be required to locate, isolate and return e-mails (including attachments to e-mails) that may include Confidential Information or Attorneys' Eyes Only Material, or Confidential Information or Attorneys' Eyes Only Material contained in deposition transcripts or drafts or final expert reports.

   **(c)** **Retention of Work Product and One Set of Filed Documents.**

Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information or Attorneys' Eyes Only Material and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential Information or Attorneys' Eyes Only Material shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information or Attorneys' Eyes Only Material.

(d) **Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System.** Filings under seal shall be deleted from the ECF system only upon order of the Court.

16. **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

17. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information or Attorneys' Eyes Only Material by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

17. **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

**So Ordered**.

Dated: October 22, 2019

                                                              Honorable John Z. Lee

WE SO MOVE and agree to abide by the terms of this Order.

Dated: October 15, 2019

                                               */s/ Sean Sullivan*
                                                        Sean Sullivan
                                                        Diana Palacios
                                                   **Davis Wright Tremaine LLP**
                                  865 S Figueroa Street, Suite 2400
                                              Los Angeles, CA 90017
                                         Telephone: (213) 633-8644
                                         Facsimile: (213) 633-6899
                                             seansullivan@dwt.com
                                             dianapalacios@dwt.com
                                                       Eric Samore
                                             Kathryn Victoria Long
                                               **SmithAmundsen LLC**
                         150 North Michigan Avenue, Suite 3300
                                         Chicago, Illinois 60601
                                         ESamore@salawus.com
                                          KLong@salawus.com

                                         Attorneys for Defendant
                                               BIRD-X, INC.

Dated: October 15, 2019

                                              */s/ Tony Wong*
                                                        Tony Wong

                        Tony W. Wong (CA State Bar No. 243324)
               Benjamin Hung, Esq. (CA State Bar No. 275361)
                                  D&R I.P. LAW FIRM, APLC
                                108 N. Ynez Ave., Suite 213
                                   Monterey Park, CA 91754
                                   Telephone: (626) 447-7788
                                    Facsimile: (626) 447-7783
                               Email: tonyw@dnriplaw.com
                                     benh@dnriplaw.com
                                   Attorneys for Plaintiff
                               MILO ENTERPRISES, INC.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| MILO ENTERPRISES, INC., ) <br> ) <br>             Plaintiff and Counterclaim-Defendant, ) <br> ) <br> v. ) <br> ) <br> BIRD-X, INC., et al., ) <br> ) <br>             Defendant and Counterclaim-Plaintiff. ) | Case No. 1:18-cv-06315 <br><br> Honorable John Z. Lee |

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated October __, 2019 in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Illinois in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm or concern.

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

Signature: _____

Date: _____  _____

                                                                                                                Signature